*W. E. Niblack* and *W. H. De Wolf*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellees.

---

## MUSSELMAN *v.* THE CITY OF LOGANSPORT.

TAXES.—INJUNCTION.—Complaint to restrain by injunction the collection of taxes on personal property, on the ground that the sworn statement of the plaintiff as to the amount of his personal property having been received without objection, the city council afterwards, without notice, or any evidence, had increased the assessment, &c. There was no averment that the assessment was in fact too large.

*Held*, that the complaint did not make a case for an injunction.

SAME.—CURATIVE STATUTE.—If the assessment of city taxes upon real estate for the year 1866, upon the basis of the appraisement made in that year, and the failure of the assessor to return his lists within the time allowed by law, were irregularities which would otherwise have rendered the tax invalid, the irregularities were cured by the act of 1867, (Acts 1867, p. 76).

APPEAL from the *Cass* Circuit Court.

FRAZER, J.—This was a suit to restrain by injunction the collection of taxes. A demurrer was sustained below to

each of three paragraphs of the complaint, and the questions thus decided are before us.

1. The first paragraph of the complaint, shortly stated, was as follows: That the appellant, on the 1st of *January*, 1863, by a sworn statement in writing, made to the city assessor, and by him received without question, stated the aggregate of his personal estate subject to city taxation to be $5,575; that on the 2d of *June*, 1863, the common council, without notice to the plaintiff, without his knowledge or consent, and without proof or authority of law, increased his assessment to $10,000, upon the basis of which city taxes for that year were computed and charged against him, thus making an increase in his taxes of $22 12, which he has not paid; that he has paid the residue; that the city is about to collect, &c. There is no averment in the paragraph that the personal estate of the plaintiff, liable to taxation by the city of *Logansport*, was of less value than $10,000; none that his own sworn list was correct; nothing from which the conclusion can be drawn that the increased assessment was not entirely proper and correct. It is only claimed that the plaintiff was not notified of the increase, did not consent to it, and that there was no proof before the council. In a word, the plaintiff seeks to evoke the extraordinary process of injunction from a court of equity to protect him from the payment of a trifling tax, which, according to his own showing, it does not appear but that he ought, in justice and conscience, to pay. He asserts no substantial equity whatever as the basis of his application. It would be an abuse of the writ of injunction to grant it in such a case. We so held in *Jones* v. *Summer*, 27 Ind. 510, after very careful consideration. We are of opinion that the demurrer to the first paragraph was properly sustained.

2. The second and third paragraphs of the complaint are substantially alike. They seek to restrain the collection of taxes levied in 1866, by the city, upon the plaintiff's real estate, on account of supposed irregularities in its appraise-

ment in several particulars: 1. Upon the ground that the levy was upon an appraisement of real estate by the city assessor made in 1866, whereas, it is insisted, the appraisement of real estate made for general purposes of taxation in 1864–'65 should have been taken as the basis of the city levy for the next ensuing five years. 2. That the assessor did not return his lists until the 6th of *June*, the law requiring this to be done on the first *Monday* (fourth day) of that month. 3. That upon such return by the assessor, on the second of *July*, an assistant was appointed by the council, who, with the assessor, revised the whole list, increasing the plaintiff's from $39,000 to $80,000, there having been no order prior to *July* 2, by the council, extending the time for completing the work of the assessor. Some exhibits are annexed to these paragraphs, and made parts thereof, by which it also appears that on the 27th of *June* the assessor was directed by the council, in connection with a committee of councilmen, to revise the assessor's appraisement of real estate, and on the 2d of *July* it appears that the assessor asked further time to complete his assessment, whereupon it was resolved by the council that he be granted until *July* 18th, and *William Chenny* was, at the same time, on request of the assessor, appointed " as assessor for the assessment of real estate," and on the 18th of *July* "the assessor was given further time to complete his appraisement of real estate. On the 25th of *July*, " the corrected assessment of the assessor and assistant assessor was received " by the council, and a time fixed for the meeting of the board of equalization, which met accordingly, and acted.

The appellee insists that the 95th section of the recent act (Laws 1867, p. 76) legalizes and makes valid this tax, notwithstanding any irregularities. If this proposition is correct, it will be needless to determine whether or not the proceedings were so irregular as to give the tax payer a remedy by injunction. The statute referred to is as follows: "All levies of taxe heretofore made by any incorporated

city in this State, whether the assessments have been made by the city assessor, or copied from the assessments for state and county revenue, be and the same are hereby legalized."

This language is comprehensive enough to include the assessment under consideration, and no reason is perceived why it is not within its spirit. Indeed, the appellant's counsel have not chosen to consider, in argument, the effect of this statute. Such statutes sometimes operate harshly, and ordinarily their scope should not be extended by construction. Nevertheless, the subject is within the limit of the law-making power, and it is not the province of the courts to interpose obstacles to the execution of the legislative will, when clearly expressed. This view of the subject renders it unnecessary for us to express an opinion upon some questions carefully argued on behalf of the appellant.

The judgment is affirmed, with costs.

*D. D. Dykeman* and *W. Z. Stuart*, for appellant.

*D. D. Pratt*, for appellee.