DEAN VS. CHARLTON, Treasurer, etc., and another.

CONSTRUCTION OF STATUTE: *Re-assessment and re-levy of special taxes for improvements.—Strict construction of the statutes.—Ch.* 132, *Laws of* 1868.—*Ch.* 316, *P. & L. Laws of* 1869.

1. While it is probably too late to question the right of the legislature to authorize municipal corporations to re-assess and re-levy special taxes void for irregularity in the proceedings, yet such statutes, being in derogation of individual rights, should be strictly construed.

2. This is especially true where the manner in which the void tax was created, operated as a fraud upon the tax-payer; as where it was to pay for work done under a contract let in violation of the charter to one who was not the lowest bidder.

3. The re-assessment of the tax in this case would be authorized by sec. 1, ch. 132, Laws of 1868, if the tax had been adjudged void for any irregularity in any of the proceedings in levying it, or for any omission to comply with the *forms* of the law under which it was assessed; and by ch. 316, P. & L. Laws of 1869, if it had been adjudged void for want of power in the city to order the work, or "for a non-compliance with any of the provisions of the city charter in ordering or letting the work, or making the contracts in relation thereto." But these statutes, strictly construed, do not apply to the tax here in question, which was set aside for a palpable misfeasance—a violation of a plain provision of the law, in fraud of plaintiff's rights, and unlawfully increasing his taxes.

4. Said ch. 316, P. & L. Laws of 1869, is also inapplicable to any contract for *grading* which was not accessory to and connected with the *paving* of the street.

5. Said act is entitled "An act to authorize the city of Madison to re-assess and collect certain taxes and assessments;" and besides authorizing the re-assessment and collection of certain taxes, it authorizes the common council of Madison to cause any of the streets of said city to be paved with the "Nicholson pavement," and confirms contracts previously let for that purpose, etc. Whether it is repugnant to sec. 18, art. IV of the state constitution (which declares that no such bill "shall embrace more than one subject, and that shall be expressed in the title,") is not here decided

APPEAL from the Circuit Court for *Dane* County. The defendants, *William Charlton*, treasurer of Dane county, and the *City of Madison*, appealed from an order overruling their demurrer to the complaint. The case is stated in the opinion.

*Alden S. Sanborn*, for appellants, contended that the re-assessment and re-levy of the special taxes in question were plainly authorized by the terms of ch.

316, P. & L. Laws of 1869; and to the point that the act was valid, he cited *Tallman v. Janesville,* 17 Wis. 71; *Guilford v. Supervisors,* 13 N. Y. 143; *Brewster v. Syracuse,* 19 N. Y. 116; *Dean v. Charlton,* 23 Wis. 590; *May v. Holdridge,* id. 93; *Bagnall v. The State,* 25 id. 112.

*Stevens & Flower,* for respondent, after denying, upon grounds similar to those stated in the opinion, *infra,* that either ch. 132, Laws of 1868, or ch. 316, P. & L. Laws of 1869, is applicable to this case, contended further that the legislature had no constitutional power to authorize a re-assessment of the tax here in question, because it could not have authorized the tax originally (*May v. Holdridge,* 23 Wis. 93), without violating sec. 3, art. XI of the constitution, which requires the legislature, in providing for the organization of cities, to "*restrict* their powers of taxation, assessments," etc., "*so as to prevent abuses* in assessments and taxation." *Foster v. Kenosha,* 12 Wis. 616; *Fisk v. Kenosha,* 26 id. 21.

LYON, J. In 1866 the common council of the city of Madison caused a portion of Washington avenue, one of the public streets in that city, to be graded pursuant to an ordinance passed by the council July 20, 1866. The expense of the grading was charged upon the lots abutting upon the work, as required by the charter of the city.

The respondent, who was the owner of several of these lots, brought an action in the circuit court for Dane county against these appellants and one Purcell, who did the grading under a contract with the city, to restrain and perpetually enjoin the collection of the assessment or special tax made upon his lots to pay the expense of grading the avenue in front of them.

The appellant *Charlton* was the treasurer of Dane county; and the lots of the respondent, having been duly returned to him for the non-payment of such

special tax or assessment, were by him duly advertised to be sold therefor, as provided by law. That action was tried, and the court found as a fact (amongst others), that Purcell, to whom the contract for grading was awarded, was not the lowest and best bidder for the work; and, as conclusions of law, the court found that such special tax, assessed against the lots of the respondent, was illegal and void, and that the county treasurer should be perpetually enjoined and restrained from selling said lots or offering to sell them for the non-payment of said tax. Judgment was duly entered in accordance with such findings; and that judgment now stands of record in full force and effect, no appeal from it having been taken. This judgment was entered November 27, 1867.

On the 16th day of November, 1869, the common council of Madison passed a resolution re-assessing and re-levying such taxes on the respondent's lots, and the same were entered in the list of taxes for that year; the lots were again returned delinquent to the county treasurer, and again advertised to be sold by that officer for such unpaid taxes and assessments.

The complaint in this action states these facts, and also alleges that the common council, in thus re-assessing such special taxes, claims to act under and in pursuance of chapter 316 of the Private and Local Laws of this state for 1869, entitled "An act to authorize the city of Madison to re-assess and collect certain taxes and assessments," approved March 9, 1869; and the relief demanded in the complaint, briefly stated, is, that the county treasurer, his successors, etc., be enjoined and restrained from selling or offering to sell the respondent's lots for such unpaid taxes or assessments, and from taking any further proceedings relating thereto; that the city of Madison be restrained from any further exercise of its authority to enforce the collection of such special taxes;

that the re-assessment thereof be adjudged illegal and void, and be set aside; and that the lots of the respondent be adjudged free and clear from all lien or incumbrance on account thereof.

To this complaint the appellants demurred, alleging as grounds of demurrer, that the complaint does not state facts sufficient to constitute a cause of action, and further, that the court had no jurisdiction of the subject of the action.

The circuit court overruled the demurrer; and from the order overruling the same the defendants have appealed to this court.

It is to be observed that the charter of the city of Madison requires that contracts for work of the character, mentioned in the complaint, shall be let to the lowest bidder.

It is perfectly clear that the circuit court had jurisdiction of the subject of this action, and upon the argument in this court, that jurisdiction was not disputed. The only question to be decided is, whether the complaint states facts sufficient to constitute a cause of action.

The answer to this question depends upon the construction to be given to two enactments of the legislature, one of which is ch. 132 of the General Laws of 1868, and the other is ch. 316 of the Private and Local Laws of 1869. If either of these acts reaches this case, and cures the defective proceedings in the assessment of the special tax upon the plaintiff's lots, the demurrer should have been sustained. Otherwise the ruling of the circuit court was correct.

In the consideration of these statutes, it becomes important to settle the rule by which they are to be construed. It must be remembered that they are in derogation of the rights of the citizen who may be affected by them, in that they compel him to bear burdens which had been unlawfully imposed, or attempted to be imposed, upon him, and which he

would not be compelled to bear but for those laws. It is probably too late to question the power of the legislature to pass retroactive statutes of this character; but to do so is a very great stretch of legislative power, frequently of doubtful expediency, the exercise of which is liable to do great injustice to individuals. It seems obvious that such statutes should be strictly construed. A due regard for individual rights and the plainest principles of justice, requires that they should have only the effect which the legislature clearly intended that they should have; and that, in construing them, all reasonable doubts as to such intent should be resolved in favor of the citizen.

An important fact in this case, one which by the finding of the circuit court in the original action has become a verity, is also to be borne in mind. That court found that the contract for the grading in question was not let to the lowest bidder, as required by the city charter. Hence the taxes assessed against the lots of the plaintiff were larger in amount than the law authorized. Although, in awarding the contract to do such grading to Purcell, I do not presume that the city officers intended to perpetrate a fraud upon the plaintiff, yet it certainly so operated, in that it involved a breach of legal duty reposed in those officers, to the injury of the plaintiff; and also in that it was an act by which an undue advantage was taken of the plaintiff. 1 Story's Eq. Jur. § 187. Fraud is often a conclusion of law which courts will infer from acts and circumstances, whether the existence of a fraudulent purpose, in the strict sense be proved or not. *Story v. the Norwich & Worcester R. R. Co..,* 24 Conn. 94. It is apparent, therefore, that the letting of the contract to do such grading to Purcell operated as a fraud upon the plaintiff; and this is the basis of the judgment of the circuit court.

I now proceed to consider whether either of the above enactments reaches this case, and authorizes the

city authorities to re-assess the tax in question upon the lots of the plaintiff.

That portion of chap. 132, Laws of 1868, which is material to the consideration of this question, is as follows:

" *Section* 1. All taxes and assessments, either special or general, which have been heretofore or may hereafter be levied in any town or city in this state, upon any lands or real estate. in such town or city, and which may have been or shall be set aside and declared illegal or void by the judgment or decree of any court of this state, in consequence of any irregularity in any of the proceedings in levying said tax or assessment, or in consequence of any omission to comply with the forms of law under which said tax or assessment may be or has been made, may be re-assessed and re-levied upon said lands or real estate in any such town or city at any time within four years after the judgment of the court setting aside said tax or assessment shall be pronounced."

Chapter 316 of the Private and Local Laws of 1869 reads as follows:

" *Section* 1. The common council of the city of Madison are hereby authorized, in cases where the tax, assessment or assessments for grading or paving the streets or alleys of said city, either with pavement known as the " Nicholson Pavement" or any other pavement, have heretofore been set aside or declared void by any court, by reason of the want of power and authority to order the same, or for noncompliance with any of the provisions of the charter of said city, either in ordering or letting the work or making the contracts in relation thereto, at any time within four years after the same are declared void, to re-assess and re-levy the amount of such assessment or tax so declared void, and to collect the same in the same manner as other taxes or assessments on such lands or lots are collected.

" *Section* 2. The common council of said city are hereby authorized to adopt and order the streets of said city or any portion thereof to be paved with patent pavement known as the " Nicholson pavement," or any other kind of pavement, whether patented or not, and may either purchase the patent for such city, or let the work to the lowest bidder therefor, in accordance with the provisions of the charter of said city, upon such terms and conditions and restrictions as they may adopt in reference to such patent, and as they may deem proper to secure the work to be let to the lowest bidder, and the fact that such pavement is a patented right shall in no manner invalidate the order or contract they may make in reference thereto, and the ordinance heretofore passed directing and requiring the grading and paving of certain streets in said city with the " Nicholson pavement " is hereby legalized, and the contracts therefor are hereby confirmed, and the tax and assessment therefor is hereby declared valid, and the common council of said city are hereby authorized and empowered to re-assess said taxes and assessments upon the lots or parcels of lots which would have been chargeable therewith if the said tax and assessments had been levied and assessed according to and by authority of law and the charter of said city, in all cases where said tax and assessments have been declared void by any court in consequence of the want of authority in the common council to order said grading or pavement, and to collect the same in the same manner as other assessments for grading and paving streets by the charter of said city are to be collected, and said assessments are hereby declared to be a valid lien upon the lots and parcels of lots so chargeable therewith.

" *Section* 3. This act shall take effect from and after its passage and publication.

" Approved March 9th, 1869."

It will be seen by an examination of these laws, that

the city authorities of Madison may lawfully re-levy or re-assess a tax or assessment which has been judicially set aside or declared void for either of the following reasons : 1st. For any irregularity in any of the proceedings in levying the same ; 2d. For any omission to comply with the forms of law under which it was levied or assessed ; 3d. For want of power to order the work ; and 4th. For a non-compliance with any of the provisions of the city charter in ordering or letting the work or making the contracts in relation thereto.

The power in the first two cases is conferred by the law of 1868, and in the others by that of 1869.

Were the special taxes assessed upon the plaintiff's lots set aside and declared void by the circuit court for either of these reasons? I think that this question must be answered in the negative. They were not set aside merely because of any such irregularity, omission or non-compliance, or for any other mere non-feasance, but for a palpable misfeasance, for a violation of a plain provision of the law, in fraud of the rights of the plaintiff, and to his injury. Where is the language in either of these laws which extends their healing power to such a case? I fail to find it. This is not the case of a mere irregularity in the proceedings, nor of an omission to comply with the *forms* of law, nor yet of a mere non-compliance with the provisions of the law, but it is a case of positive violation of the law in a material and vital point; and to construe these statutes as authorizing the re-levy and re-assessment of such taxes upon the lots of the plaintiff, would, in my opinion, not only violate the rule of strict construction before laid down, but would pervert the intention of the legislature as expressed therein.

Had the legislature intended to authorize the city of Madison to re-assess these particular taxes, it is fair to presume that one of these laws would have con-

tained a further provision, to the effect that taxes might be re-assessed in cases where they had been set aside by the courts because of a positive violation by the city authorities of material and vital provisions of the law under which the taxes were imposed, which violation of law was a fraud upon the tax-payer and unlawfully increased his tax; and that the same should be re-levied or re-assessed at the original figures, without any re-adjustment or diminution. The legislature has not so enacted, and it must therefore be held that there is no law authorizing the re-assessment of the taxes in question.

The counsel for the defendants relies mainly upon the law of 1869 as giving the authority to re-assess these taxes. In addition to what has already been said, we are of the opinion that this law is applicable only to grading in cases where the same is accessory to and connected with paving, and not to cases like the present, of independent contracts for grading. The history of the case of *Dean v. Charlton*, 23 Wis. 589, and the remarks of PAINE, J., in deciding the motion for a re-hearing, which evidently prompted this legislation, seem to sustain this view of that law.

But it is unnecessary to elaborate the subject. Neither do we decide, or intend to intimate an opinion upon, the objection that the law of 1869 is in violation of Art. IV, sec. 18, of the constitution.

*By the Court.*—The order of the circuit court overruling the demurrer to the complaint, is affirmed.