NEW ENGLAND HOSPITAL FOR WOMEN AND CHILDREN *vs.*
STREET COMMISSIONERS OF THE CITY OF BOSTON.

WILLIAM A. GASTON & another *vs.* SAME.

ROBERT H. GARDINER *vs.* SAME.

GEORGE B. WILBUR *vs.* SAME.

Suffolk.    March 7, 1905. — May 17, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Constitutional Law.    Tax,* Assessments for benefits.    *Boston.    Way,* Laying out of highway.

St. 1902, c. 527, authorizing the assessment of betterments for certain improvements in the city of Boston completed by that city within six years before the day of the passage of the act, authorizes only one assessment for each improvement within its terms, and is not invalid as purporting to authorize two assessments for the same improvement.

Under St. 1892, c. 418, § 5, in regard to the laying out of highways in Boston the street commissioners of that city can make an order for the extension and widening of a street and later make a separate order for its construction.    This was done by them in extending and widening Columbus Avenue under St. 1894, c. 416.    *Held,* that the improvement was not completed until the work of construction was finished and the street was ready for use by the public, and this completion of the street having been within six years before the passage of St. 1902, c. 527, betterments could be assessed for the improvement under the terms of that act although the order for the extension and widening was passed more than six years before the passage of the act.

An owner of real estate on which betterments have been assessed for the extension and widening of a highway cannot complain because the street commissioners in making the assessment left out of consideration a part of the cost of the improvement if the cost which they considered was more than enough to justify the assessment.

FOUR PETITIONS, filed July 15, 1903, by owners of real estate on Columbus Avenue in Boston, for a writ of certiorari addressed to the street commissioners of that city to quash their proceedings assessing betterments upon the respective estates of the

petitioners for the extension and widening of that avenue, as stated in the first paragraph of the opinion.

The first three cases came on to be heard before *Barker*, J., who at the request of the parties reserved them for determination by the full court on the petition, the return and further returns of the respondents and the following facts and stipulations: That on September 4, 1895, the superintendent of streets first entered upon the location for the purpose of beginning the construction of sewers, and on January 7, 1896, entered on the part of the location nearest Northampton Street for the purpose of beginning the construction of the avenue. The fourth case came on to be heard before *Lathrop*, J., who reserved it for determination by the full court on the same terms as the other three cases.

*C. Warren*, (*J. Codman* with him,) for the New England Hospital for Women and Children.

*R. M. Saltonstall*, for Gaston and another.

*F. R. Bangs*, for Gardiner.

*H. D. McLellan*, for Wilbur.

*T. M. Babson*, for the respondents.

KNOWLTON, C. J.   These are petitions for writs of certiorari to quash assessments of betterments upon the estates of the several petitioners for a part of the cost of widening and extending Columbus Avenue in the city of Boston. The assessments were made under the St. 1902, c. 527, which was considered in *Warren* v. *Street Commissioners*, 187 Mass. 290.

The principal contention in the present cases is that the statute purports to authorize two assessments for the same public improvement, one for the legal act which determines that certain changes are to be made, and another for the benefits coming from the changes when they have been completed by the construction, and that therefore it is invalid. This contention is founded upon an erroneous view of the statute. The act does not purport to authorize two assessments for the same public improvement. It authorizes an assessment only for a "public improvement completed by the city within six years" before the day of the passage of the act. For a public improvement so completed, there can be but one assessment. *Warren* v. *Street Commissioners, ubi supra*. The improvement for which the assessments were laid in these cases was made under the St. 1894,

c. 416, § 1, which authorized the street commissioners of Boston by order to "extend, widen and construct ... Columbus Avenue in said city from Northampton street, through or over any existing streets or ways or private land, to or near Franklin Park in said city, or any part of said distance," or to do any one or more of said acts. Section 2 of this chapter requires that "Said board shall, after any such order of said board . . . has been carried out, determine the cost incurred in carrying out such order," etc., with a view to assess a part of the cost upon estates benefited by the improvement. The order for the extension and widening was passed on January 4, 1895. The order of notice of the contemplated proceedings, issued before the meeting at which this order was passed, expressly stated that the board was of opinion that public necessity and convenience required "that said avenue, so extended and widened be constructed," and that they intended to take the action so required. Under the St. 1892, c. 418, § 5, the board was not required to include an order for construction in the order determining that a public improvement should be made, but might make a separate order for construction. In this case, after the order for the extension and widening, a separate order for construction was passed on August 13, 1895. But both of these orders related to the same public improvement, and the improvement was not completed until the work of construction was done. The commissioners say, in the order of assessment, that the public improvement was completed on April 20, 1899, which was the time when the work of construction was finished.

The contention of the several petitioners that the public improvement was completed at the time of making the original order for widening and extension is, therefore, erroneous, and the improvement was completed within six years before the day of the passage of the St. 1902, c. 527, and could, therefore, be made a subject for assessment under the act.

Ordinarily such a public improvement as the laying out, or widening, or extension of a street is not completed, within the meaning of this statute, until it is put in condition for public use. The ambiguity in the statute arises from the fact that, under the laws applicable to the city of Boston, it recognizes the possibility of a public improvement of some one of the kinds mentioned, which may be completed without construction, and the possibility

of such a condition that construction itself may be an independent public improvement. It provides for assessment on account of such public improvements if there are any. Certainly such improvements are very unusual. Plainly the improvement in the cases now before us was not completed until the street was constructed, ready for use by the public. See *Chase* v. *Aldermen of Springfield*, 119 Mass. 556, 563; *Prince* v. *Boston*, 111 Mass. 226, 231; *Lincoln* v. *Worcester*, 122 Mass. 119; *Foster* v. *Park Commissioners*, 133 Mass. 321, 327; *Atkinson* v. *Newton*, 169 Mass. 240; *Jones* v. *Metropolitan Park Commissioners*, 181 Mass. 494. It was, therefore, within the provisions of the statute under which the assessments were made.

The petitioners cannot complain because the street commissioners, in making the assessments, left out of consideration a part of the cost of completing the improvement. The cost which they considered was much more than enough to justify the assessment. If they had included all the cost, the result would have been the same.

*Petitions dismissed.*