ROBERT H. GARDINER & another *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.    March 16, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract*, Validity. *Municipal Corporations.    Tax*, Assessments for benefits. *Certiorari.*

Whether a statement contained in an invitation for proposals to construct a street for a city, that the proposal of a bidder who will pay the full trade union scale of wages may be accepted in preference to that of a bidder who will pay wages according to a lower scale, and a clause in a contract for such construction that the contractor shall pay the full trade union scale of wages to his employees, make such a contract invalid even if a statute purports to authorize it, is an open question in this Commonwealth.

Under St. 1902, c. 527, which authorized the assessment within a year from the passage of that act of betterments for improvements completed by the city of Boston within six years from that date and was intended to authorize assessments for expenses wholly or in part illegal when incurred, an assessment, upon estates specially benefited to a greater amount than the assessment, is valid if it is less than one half of the amount legally expended for land damages, and in such a case it is immaterial whether a part of the additional expense for construction was incurred illegally or if so whether the acts illegal when performed were of a kind which the Legislature might have authorized.

Citation of cases deciding that on a petition for a writ of certiorari the petitioner cannot rely on matter not disclosed by the record.

KNOWLTON, C. J.   This is a petition for a writ of certiorari to quash an assessment of betterments by the board of street commissioners, for the widening, location and construction of Charlestown Street in Boston.   The only grounds on which the petitioners now contend that the assessment should be quashed are that the invitations for the proposals to do the work contain a statement that " the proposal of a bidder who will pay the full trade union scale of wages to his employees may be accepted in preference to a bidder who will pay a lower scale of wages," and that the contract for the construction of the street contained a clause that the contracting company shall " pay the full trade union scale of wages to its employees."

It is contended that this was an illegality that could not have been authorized by the Legislature if a statute had been enacted purporting to authorize it.   We do not intimate that this contention is well founded.   The question presented by it is quite different from that decided in *People* v. *Coler*, 166 N. Y. 1, by a divided court.

We are of opinion that the validity of the assessment is well sustained without reference to the decision of this question.   The board of street commissioners were acting under the St. 1902, c. 527, which was considered at length in *Warren* v. *Street Commissioners*, 187 Mass. 290, and again in the *New England Hospital for Women & Children* v. *Street Commissioners, ante,* 88. As was pointed out in *Warren* v. *Street Commissioners*, it was enacted to authorize assessments in cases in which the cost had been incurred illegally, either wholly or in part.   In reference to assessments for expenses incurred illegally, it was said that " If the defect that makes the assessment void is an irregularity or error which the Legislature might have authorized, or an

omission of that which it might have dispensed with by a proper statute, it is not beyond the power of the Legislature to correct the error by a subsequent act." The statute was to continue in force, as an authority for making assessments, only for a year from the date of its enactment. It stands by itself on peculiar grounds.

In the present case the amount expended for land damages was $662,102.74, and the total expense for construction was $34,570.42. The board of street commissioners adjudged the benefit to the estates on Charlestown Street from the public improvement to be $212,229, and this amount they assessed upon these estates. Subsequently, after a hearing upon petitions for a revision of the assessments, they reduced them so that the total amount assessed was only $149,231.77. They say in their return that they have no knowledge as to the legality or illegality of the doing of the work, and have not inquired into the detail of the expenditures for construction, and they ruled that they were not required by law so to inquire.

Inasmuch as the expenditure for land damages was more than three times the amount assessed for benefits, the validity of the assessment is not affected by an irregularity or illegality, if there was any, in the expenditure for construction. Under this statute, enacted to authorize assessments in spite of illegality, we are of opinion that, if the board assessed less than one half of the amount legally expended for land damages upon estates specially benefited to an amount greater than the assessment, it is immaterial whether a part of the cost of construction was incurred illegally, and whether, if there was illegality, it was of a kind that the Legislature might have authorized. The expenses legally incurred were far more than enough to sustain the assessment.

In this view of the case it is unnecessary to consider matters of procedure touching the question whether it is open to the petitioners to prove the averments on which they rely. See *Ward* v. *Newton*, 181 Mass. 432; *Janvrin* v. *Poole*, 181 Mass. 463.

*Petition dismissed.*

*F. R. Bangs*, for the petitioners.
*T. M. Babson*, for the respondents.