RODERICK J. CAMPBELL *vs.* FRANKLIN HAVEN & another.

Suffolk.    January 9, 1912. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Contract,* Construction.

An agreement made on July 3, 1899, by the grantor in a deed of a lot of land "to pay any assessment which may lawfully be made under" a vote of the board of street commissioners of Boston in 1895 to widen and extend Huntington Avenue in accordance with the provisions of St. 1894, c. 416, "for payment of which any lien now exists on said lot," is not an agreement to pay an assessment for a

betterment tax made under the provisions of St. 1902, c. 527, after assessments made for the work under St. 1894, c. 416, had been declared invalid; because the word "lien" as used in the agreement referred to a lien existing when the agreement was made, and the lien created by St. 1902, c. 527, did not arise until after the agreement was made.

CONTRACT for breach of an agreement by the defendants, contained in a deed to the plaintiff dated July 3, 1899, of land on Huntington Avenue in Boston, "to pay any assessment which may lawfully be made under the vote of the board of street commissioners passed Jany. 5, 1895, for widening, extending and constructing Huntington Avenue, and for payment of which any lien now exists on said lot." Writ dated January 30, 1906.

The case was referred to Clarence H. Cooper, Esquire, as auditor, and, after the filing of the auditor's report, was tried before *Fox,* J. The only evidence introduced was the deed containing the agreement and the auditor's report, from which it appeared that the vote of the board of street commissioners of January 5, 1895, referred to in the agreement, was a vote under St. 1894, c. 416, for the extension and widening of Huntington Avenue; that, after completion of the work, the superintendent of streets on March 18, 1898, communicated the cost thereof to the city auditor; that the defendants' deed to the plaintiff was delivered on July 3, 1899; that on June 25, 1900, a betterment tax on account of the work was assessed upon the plaintiff and owners of other land adjoining Huntington Avenue; that on March 1, 1902, for errors as to the awarding of contracts for the performance of the work on the way without advertising for bids, all assessments for betterments under St. 1894, c. 416, on account of the work above described were declared to be illegal in *Warren* v. *Street Commissioners,* 181 Mass. 6; 183 Mass. 119; that on June 27, 1902, St. 1902, c. 527, was enacted. That statute in substance authorized the board of street commissioners of Boston, within one year after the day of its passage, to determine the value of the benefit or advantage to each and every parcel of real estate in Boston, beyond the general advantage to all real estate therein, from any public improvement completed by the city within six years before said day, consisting among other acts of the laying out, relocating, altering, or widening of a public way, and to assess on each such parcel a proportional share of such part, not exceeding one half,

as the board might deem just, of the expenses incurred by the city for such improvement, exclusive of the expenses for sewers and their connections, in excess of $4 per linear foot thereof, and exclusive of all expenses for surface drainage and for water pipes, gas pipes and their connections; provided, that no assessment on any parcel of real estate should exceed the value of said benefit for that parcel.

On January 3, 1902, the board of street commissioners under St. 1902, c. 527, assessed a betterment tax upon the land which was conveyed to the plaintiff by the defendants by the deed in question. The defendants refused to pay the tax. The plaintiff thereupon paid the tax and brought this action.

The judge ordered a verdict for the defendants and at the request of the plaintiff reported the case for determination by this court.

G. F. Ordway, for the plaintiff.

C. Warren, for the defendants.

SHELDON, J. The covenant of the defendants was merely to pay any assessment such as was mentioned in their deed for the payment of which any lien then (July 3, 1899) existed on the lot which they conveyed. An assessment was laid upon the lot in June, 1900, and if this had been a valid assessment it is not denied that the defendants would have been bound to pay it. But it was invalid, and no assessment then could be laid because the work had been illegally done. *Warren* v. *Street Commissioners,* 181 Mass. 6, and 183 Mass. 119. There was then no power to lay any other or further assessment for the work that had been done. *New England Hospital* v. *Street Commissioners,* 188 Mass. 88. *Maloy* v. *Holl,* 190 Mass. 277. There was therefore, when the defendants made their covenant, no power to lay any such assessment upon this lot, and the land was not and could not be subject to any existing lien for the payment of such an assessment.

The assessment now in question was laid under the authority given by St. 1902, c. 527, and was valid because it was so authorized and because that statute was not unconstitutional. *Warren* v. *Street Commissioners,* 187 Mass. 290. But the lien or incumbrance created by that statute could not arise before the statute was passed. The effect of the statute could not have existence before the existence of the statute which was the cause of that effect.

We cannot doubt that the word "lien" in the defendants' covenant refers to the lien of an existing incumbrance, and is not to be extended to include the possibility of a future incumbrance being created by subsequent legislation which does not appear to have been in the contemplation of the parties. This assessment, because there was at the time of the covenant no power to lay an assessment and no existing lien therefor on the land, does not come within the rule of the cases cited by the plaintiff in which it was held that the lien upon the land of an assessment lawfully made thereon dates from the order of construction, when the liability to assessment existed. Here no assessment was possible until St. 1902, c. 527, took effect; and as we have seen, the lien cannot date back from that time.

*Judgment on the verdict.*