MASSACHUSETTS GENERAL HOSPITAL *vs.* CITY OF BOSTON.

Suffolk.    March 14, 1912. — May 23, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Tax,* Exemption.   *Charity.   Devise and Legacy.*

Where by the residuary clause of a will real estate and personal property are
given to a city to constitute a fund, the income of which is to be applied to
the maintenance and improvement of a common and parks, and the city by an
order of its council accepts the gift and appoints the city treasurer to receive
the property, the title of the real estate passes to the city without any formal
tender or conveyance to the treasurer or the city; and therefore after the
order of the council and so long as the city retains the property under the
will, no tax can be assessed upon it.   Following *Burr* v. *Boston,* 208 Mass. 537.

Where a city, which owns certain real estate that was given to it by a will to
form a fund for a public charitable purpose, unlawfully assesses a tax thereon to
the "devisees" of the testator and then sells the real estate, the purchaser can-
not be compelled to pay the tax, although in the agreement for the sale was the
provision, "Rents, taxes and insurance are to be adjusted as of the day of the
delivery of the deeds," and the deed stated that the conveyance was "subject
to taxes for the current year."

In determining the validity of a tax assessed by the city of Boston upon property
which it had received and was holding as the residuary legatee and devisee
under a will for public charitable purposes, *it was stated* that neither in *Burr* v.
*Boston,* 208 Mass. 537, nor in the present case had this court considered whether
real estate situated in other towns and included in the same devise to the city
was liable to taxation in those towns.

CONTRACT for $2,564.10 paid under protest as a tax assessed on
May 1, 1909.   Writ dated June 6, 1910.

In the Superior Court the case was heard by *Hitchcock,* J.,
upon an agreed statement of facts.

It appeared that the property upon which the tax in question
was assessed included several parcels which passed under the
first codicil of the will of George F. Parkman, late of Boston,
who died on September 16, 1908, giving the residue of the
estate to the defendant to constitute a fund, the income of
which was to be applied to the maintenance and improvement of
the Common and parks of Boston.

On March 9, 1909, the defendant's city council adopted an
order, which the mayor approved, accepting the devise and au-

thorizing the city treasurer, "on behalf of the city, to receive and receipt for said bequest, convert the same into money, and invest and reinvest it in proper securities, and hold the same to be expended for the purposes and objects named in said bequest."

The executor of the will of George F. Parkman never made any formal tender to the treasurer of the property devised, and until after May 1, 1909, he collected rents accruing from all the real estate included in the devise. He made payment of some of the income so received to the defendant's treasurer.

On May 1, 1909, the tax in question was assessed to "the devisees of George F. Parkman."

On June 14, 1909, an agreement in writing was made between the plaintiff, the defendant and the executor of the will of George F. Parkman, for the sale for $200,000 by the defendant and the executor to the plaintiff of the property in question. This agreement contained the provision, "Rents, taxes and insurance are to be adjusted as of the day of the delivery of the deeds."

On July 14, 1909, two deeds were delivered to the plaintiff, one from the executor and the other from the defendant, each of which contained the statement that the premises were conveyed "subject to taxes for the current year." The next day the defendant's treasurer received from the executor who conducted the negotiations a letter enclosing $197,298.53, which represented the purchase price, $200,000, less the broker's commission, which the defendant had agreed to pay, and a deduction for a sewer assessment. The letter stated, "The rents and water rates were apportioned and will be accounted for by" the executor's assistant "in due course." The treasurer signed an acknowledgment of the receipt of the money as "net proceeds of the sale . . . in pursuance of" the agreement of June 14, 1909.

The judge found for the plaintiff and reported the case for determination by this court, "such judgment to be entered as justice may require."

The case was submitted on briefs.

*J. Abbott,* for the plaintiff.

*T. M. Babson,* for the defendant.

SHELDON, J. This case is governed by *Burr* v. *Boston,* 208 Mass. 537. As was said there, the city had unconditionally accepted Mr. Parkman's devise on the terms on which it was made. The

authority given by the city to its treasurer to receive and hold the property was merely its designation of the officer who was to have charge thereof. The title was not in the executor, but in the city. If the executor was allowed to manage the property, to collect the rents and profits and mingle these with other funds for which he was afterwards to account, this in no way affected the legal title or the property rights of the city. *Towle* v. *Swasey*, 106 Mass. 100, 107.

The plaintiff's agreement of purchase stipulated that "rents, taxes and insurance . . . [were] . . . to be adjusted as of the day of the delivery of the deeds." This did not import a promise by the plaintiff to pay in full or in part taxes which had not been and could not be assessed lawfully upon the property and which did not constitute a lien thereon. The provision in the deed that the conveyance was "subject to taxes for the current year" has no broader meaning. There were no taxes for the current year to which the property was subject. *Campbell* v. *Haven*, 211 Mass. 121.

If, as the defendant has argued, the plaintiff has not paid in full the price which it agreed to pay, yet that fact raises no question to be considered in this case. There has been no claim of a set-off, and we need not consider whether such a claim could have been maintained.

It may be added, as that question has been suggested by the defendant, that neither in *Burr* v. *Boston, ubi supra,* nor in the present case, has the court considered whether real estate situated in other towns and included in Mr. Parkman's devise to the defendant is liable to taxation in those towns.

Judgment must be entered for the plaintiff on the finding.

*So ordered.*