JOHN B. PRATT, administrator, *vs.* STEPHEN F. ATWOOD & others.

A bastard and his issue cannot take, under the statutes of descents and distributions, from his mother's collateral kindred.

APPEAL by children of Amity S. Atwood from a decree of the judge of probate refusing a petition of John B. Pratt, as administrator of the estate of Eliza B. Jourdan, for an order of distribution of said estate among the appellants as next of kin of the deceased. The case was reserved by *Gray*, J., for the judgment of the full court upon the following facts:

Betsey Baird in 1791 became mother of an illegitimate child by John Lamb. This child, named Amity S. Baird, married Stephen Atwood, and the appellants were issue of that marriage

Betsey Baird in 1801 married John Hart, and the intestate was their legitimate issue. The intestate died a widow, after the death of Amity S. Atwood, and left no issue, nor father, mother, brother or sister. If the children of Amity S. Atwood were not the next of kin of the intestate, within the statute of distributions, then Roxana Lawrence, a daughter of Joseph Hart, who was a brother of the intestate's father, was such next of kin. The estate to be distributed came to the intestate by the statute of distributions, in part from James Hart, another brother of her father, and in part from William Jourdan, her husband.

*F. P. Goulding,* for Roxana Lawrence.

*P. C. Bacon,* for the appellants.

GRAY, J. The single question in this case is, whether the legitimate children of a bastard can take under our present statute of distributions any share in the estate of a legitimate child of the bastard's mother ; or, in other words, whether a bastard and his issue can inherit from his mother's collateral kindred. We concur with the judge of probate in the opinion that they cannot.

By the common law of England, which was the common law of Massachusetts in this respect, a bastard had no inheritable blood, and could not therefore inherit even from his mother. *Cooley* v. *Dewey,* 4 Pick. 93. 2 Dane Ab. 514. The statutes changing the common law upon this, as upon any other subject, have always been strictly construed.

The St. of 1828, *c.* 139, provided that " every illegitimate child shall be considered as heir at law of his mother, and inherit as such when she shall die intestate." But that statute, according to the opinions of the commissioners upon the Revised Statutes, and of Chancellor Kent, did not enable such a child to claim, as representing his mother, any part of the estate of her kindred, lineal or collateral ; and an express clause to that effect was inserted in the Revised Statutes. Rev. Sts. *c.* 61, § 2, and commissioners' note. 4 Kent Com. (6th ed.) 413 note. Under those statutes, it was held that, if the bastard died before his mother, his children could not inherit from her. *Curtis* v. *Hewins,* 11 Met. 294. Another illustration of the strict construction of the statutes in this respect is afforded by the decision that a bastard

unintentionally omitted in the will of his mother was not entitled to a share of her estate under the statute regulating the case of any testator's unintentional omission to provide for "any of his children." Rev. Sts. *c.* 62, § 21. *Kent* v. *Barker*, 2 Gray, 535.

By the St. of 1851, *c.* 211, it was provided that every illegitimate child should be considered as heir of his mother and of any maternal ancestor, and that his issue might take by descent from such ancestor. The fact that the commissioners on the General Statutes, in performing the duty, imposed upon them by their commission, of omitting redundant enactments, rejecting superfluous words, and condensing the statutes into as concise and comprehensive a form as was consistent with a clear and full expression of the will of the legislature, did not, when incorporating the St. of 1851 in the Gen. Sts. *c.* 91, § 2, retain the provision of the Revised Statutes that illegitimate children should not take any part of the estate of their mother's collateral kindred, cannot extend the effect of the new codification beyond its explicit words as reported by the commissioners and enacted by the legislature. The words "maternal ancestor" are manifestly limited to progenitors, or ancestors in the direct ascending line, according to their common meaning and the only sense in which the word "ancestor" is used throughout the statute of descents, the rules of which statute are declared to be those of the statute of distributions also. Gen. Sts. *c.* 91, § 1, *cl.* 5; *c.* 94, § 16, *cl.* 3. See also Rev. Sts. *c.* 61, § 1, *cl.* 5; *c.* 64, § 1, *cl.* 3; St. 1805, *c.* 90, §§ 1, 2. *Decree of the probate court affirmed.*