ANDREW HARADEN vs. SOMERS N. LARRABEE & others.

A widow cannot take under a devise to "the next of kin" of her husband, "to those· persons to whom the property would go, provided" he "owned the property and died without issue and intestate."

A bastard cannot claim through his sister any part of her son's estate.

The administrator of one for whose benefit during life the income of a trust fund has been given by will, can, under Gen. Sts. c. 97, § 24, if time has elapsed between the last payment and the beneficiary's death, recover a part thereof proportionate to that time.

BILL IN EQUITY for instructions, filed by Andrew Haraden, the executor under the will of John Henfield, against sundry persons claiming under the will as the next of kin of Joseph Henfield, a deceased son of the testator. The case, as it appeared from the bill and answers, on which it was reserved by *Morton*, J., for the determination of the full court, was as follows :

The testator died November 25, 1866, and letters testamentary were issued to the executor January 1, 1867. The will, after providing for certain specific legacies, proceeded as follows :

" All the rest, residue, and remainder of my estate and property, both real and personal, I give, devise, and bequeath unto my said nephew, Andrew Haraden, to him and to his heirs forever, to have and to hold upon the following trusts, viz. : that he shall collect and receive all the income and profits thereof, and, after paying all his reasonable charges and expenses in the management of said trust, that he shall pay over all the income thereof to my son, Joseph Henfield, during his life, each year in equal quarterly payments, and, upon the death of my said son, to pay the gross sum of two thousand dollars out of said trust property to Sarah, wife of my said son, provided she survive him, and is living at his death : if she does not survive him, then said trustee shall pay over and divide all the property held in trust : and if she · does survive him, then all the rest, residue, and remainder, after deducting said legacy of two thousand dollars, as aforesaid, together with any accumulated interest or income on the same, to and among the issué of my said son, in equal portions, to their own use and behoof forever ; but if my said son

should die leaving no children, nor descendants of any deceased child, then my said trustee shall pay over and divide the same among the next of kin of my said son, to those persons to whom the property would go, provided my said son owned the property and died without issue and intestate."

At the death of the testator his son Joseph, and Sarah, the son's wife, were living. Joseph died August 16, 1872, never having had any children, and his widow was one of the defendants. During the lifetime of Joseph he received the income of the estate. February 14, 1873, the executor paid to the widow the sum of $2000 with interest from the time of her husband's death, leaving in his hands property, invested in bonds, to be distributed, amounting to about $20,000. The widow claimed under the will as next of kin of her husband, and also claimed the interest which had accrued upon the bonds between August 1, 1872, when the last income was paid to her husband, and August 16, 1872, the date of his death. The defendant, Somers N. Larrabee, claimed the whole fund as uncle of Joseph Henfield, and it appeared that he was the bastard brother of Joseph Henfield's mother. The other defendants were the cousins of Joseph Henfield, and claimed the fund to the exclusion of the widow and uncle.

*C. Kimball*, for Somers N. Larrabee.

*J. W. Perry & A. Fitz*, for Sarah Henfield.

*C. Sewall*, for others of the defendants.

*D. Thaxter*, for others of the defendants.

GRAY, C. J. The words " next of kin " are limited in legal meaning, as in common use, to blood relations, and do not include a husband or a wife, unless accompanied by other words clearly manifesting a purpose to extend their signification ; and the mere addition of a reference to the statute of distributions is not sufficient. *Withy* v. *Mangles*, 4 Beav. 358 ; 10 Cl. & Fin. 215. 2 Jarman on Wills, (3d Eng. ed.) 96. Of the numerous cases cited in the learned arguments at the bar, that most resembling the present is one in which the testator, after providing for his wife and for nephews and nieces, directed any surplus to be divided " amongst my next of kin as if I had died intestate ; " and Lord

Eldon held that the wife was not entitled to share in the residue. *Garrick* v. *Camden*, 14 Ves. 372. In the present case the intention of the testator appears to the court to have been that, in case Sarah Henfield, the wife of the testator's son Joseph Henfield, should survive her husband, she should receive a gross sum of two thousand dollars, and nothing more, out of the capital of the trust fund, and the residue should go to his issue, if any, and, if he should have no issue, to those of his blood who would be entitled to share in his estate under the statute of distributions. His widow, therefore, having received her two thousand dollars, can claim no further part of the residue in her own right.

Somers N. Larrabee, the bastard brother of Joseph Henfield's mother, cannot claim through her any part of her son's estate, because by our statutes of descents and distributions he can only take from his mother and her lineal ancestors. *Pratt* v. *Atwood* 108 Mass. 40.

It follows that the legitimate cousins of Joseph Henfield are entitled as his next of kin to the whole residue of the trust fund remaining in the plaintiff's hands, (after payment of costs and expenses,) with one trifling exception.

It is alleged in the answer of Sarah Henfield, and admitted by the plaintiff by setting down the cause for hearing upon bill and answers, that fifteen days' interest had accrued during her husband's lifetime upon the bonds in which the trust fund was invested. To that part of the income she is entitled as his administratrix. Gen. Sts. *c.* 97, § 24. *Decree accordingly.*