RICHARD OLNEY, trustee, *vs.* NATHANIEL P. LOVERING
·& others.

Suffolk.    December 11, 1896. — January 12, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Construction of Will — Termination of Trust — Heirs at Law — Legal
Representatives — Widow.*

A will contained the following provision : " Upon the decease of said N.'s children,
said sum of $20,000 is to be distributed to and among their heirs at law, . . .
that is to say, as the children of said N. shall decease successively, a proportion
of the fund is to be distributed among the children or legal representatives of
each child so dying. And on the decease of said N.'s children, said houses, . . .
or, if sold, the proceeds thereof, are to be conveyed in fee, paid over, and dis-
tributed to and among the heirs at law of said children in the same manner as
I have directed in regard to said $20,000." *Held,* on the death of one of N.'s
children, a son, leaving a widow but no child, that the widow, by virtue of the
statute, was an heir to the amount of $5,000, and no more.

BILL IN EQUITY, filed August 19, 1895, by the surviving trus-
tee under the will of Joseph Lovering, to obtain the instructions
of the court as to the construction of the will.*    Hearing before
*Lathrop,* J., who reserved the case for the consideration of the
full court.    The facts appear in the opinion.

*A. Hemenway & C. B. Barnes, Jr.,* for the widow of George
P. Lovering, a son of Nathaniel P. Lovering.

*S. Butler,* for certain children and grandchildren of Nathaniel
P. Lovering.

The words " children or legal representatives " should be in-
terpreted to mean " heirs at law."    The testator intended that
the same form of distribution should be applied to personalty
and realty, and selected a mode of intestate succession to land
as that on which to model his disposition of all the property
disposed of by the paragraph of the will in question.

It nowhere appears that the testator intended that the stat-
utes of the Commonwealth, and not the general laws of descent,
should apply; as in *White* v. *Stanfield,* 146 Mass. 424.

---

* This will has already been passed upon by the court in the following
cases : *Lovering* v. *Minot,* 9 Cush. 151; *Lovering* v *Worthington,* 106 Mass.
86; *Lovering* v. *Lovering,* 129 Mass. 97 ; and *Dorr* v. *Lovering,* 147 Mass. 530.

But if the court should hold that this property is to be distributed amongst those who would have taken the property of George P. Lovering under the statutes of the Commonwealth had he died intestate, it is submitted that only such statutory provisions can apply as were in effect at the time of making the will.   1 Jarm. Wills, (Bigelow's ed.) 306.

The period as of which the testator's will spoke was his death. *Merriam* v. *Simonds*, 121 Mass. 198.   *Howland* v. *Slade*, 155 Mass. 415, 416.

The testator is presumed to have known the law when making his will; and such presumption continues until the time of his death.   But he is not presumed to know that the statutes of the Commonwealth distributing the property of a man after his death will be changed after his death so as to affect materially such distribution, and he is not presumed to frame his will so as to anticipate such possible changes.

The only plain and simple rule of law is, that if this testator had any statutes of descent or distribution in mind, they must have been those in effect at the time of making the will.   These were the Revised Statutes of 1836, c. 61, § 1, and no changes appear therein down to 1848, the time of the death of the testator.   Therefore, under those statutes in force at the time of the testator's death, the widow of George P. Lovering would take nothing.

ALLEN, J.   The testator left $20,000, and also two houses in trust, and both income and principal of the personal and real estate were to be applied and disposed of in the same manner. The trustees also had power to convert the real estate into personal, and this was done ; so that there was but one trust fund, with a common destination of income and principal.

The question now before us arises upon the following words of the will : "Upon the decease of said Nathaniel's children, said sum of $20,000 is to be distributed to and among their heirs at law, . . . that is to say, as the children of said Nathaniel shall decease successively, a proportion of the fund is to . be distributed among the children or legal representatives of each child so dying.   And on the decease of said Nathaniel's children, said houses in Hollis and Tremont Streets, or, if sold, the proceeds thereof, are to be conveyed in fee, paid over, and

distributed to and among the heirs at law of said children, in the same manner as I have directed in regard to said $20,000."

The trust fund at the outset having been partly in real estate and partly in personal, and there being no reason to suppose that the testator wished that the distribution should be to different persons, the words " heirs at law " will be construed to mean those who would be heirs of real estate ; *Fabens* v. *Fabens*, 141 Mass. 395 ; and in several recent decisions it has been held that these words, when there is nothing in the will to show a different intention, include a husband or wife, as a statutory heir under the provisions of St. 1880, c. 211, now Pub. Sts. c. 124, § 3. *Lavery* v. *Egan*, 143 Mass. 389. *Lincoln* v. *Perry*, 149 Mass. 368. *Proctor* v. *Clark*, 154 Mass. 45. This construction, however, will yield if the whole will shows a different intention. *Lawrence* v. *Crane*, 158 Mass. 392. The words in the present will which present this question most distinctly are found in the provision, " that is to say, as the children of said Nathaniel shall decease successively, a proportion of the fund is be to distributed among the children or legal representatives of each child so dying." One of Nathaniel's children died, namely, a son, George P. Lovering, leaving a widow, but no child. It is his share respecting which the question arises. Since he left no children, the words " among the children " have no direct application, and we need not determine how it would be if there were children. The words " legal representatives," as used here, clearly do not refer to the executors or administrators of a child so dying, and must therefore have reference to those who would succeed to their property, either real or personal. See *Bates, petitioner*, 159 Mass. 252 ; *Eager* v. *Whitney*, 163 Mass. 463. These words do not control the meaning which would otherwise be given to the words " heirs at law." On the whole, the conclusion to which we have come is, that this case must fall within the rule of *Lavery* v. *Egan* and the later cases, and that the widow, by virtue of the statute, is an heir to the amount of $5,000, and no more. *Proctor* v. *Clark*, 154 Mass. 45.

*Decree accordingly.*