HOWARD VOORHEES, appellant,

*v.*

DAVID C. SHARP et al., administrators of Lucas Voorhees, deceased, respondents.

[Filed July 22d, 1901.]

An intestate left surviving him a widow but no children. He was also survived by brothers, sisters and the children of deceased brothers and sisters. Upon proceedings to distribute the surplusage of his estate in the hands of his administrators, it was made to appear to the orphans court that the intestate had had a daughter who had predeceased him, leaving one child born out of lawful wedlock.—*Held*, that such child was not entitled to be considered in the decree of distribution.

On appeal from Hunterdon county orphans court.

*Mr. George H. Large,* for the appellant.

*Mr. Harlem G. Chamberlin,* for the respondents.

MAGIE, ORDINARY.

The appeal is from a decree of the orphans court for the distribution of the estate of Lucas Voorhees, deceased, in the hands of the administrators.

The proofs before the orphans court disclosed that when Lucas Voorhees died he left a widow, but no children, surviving him. He was survived by brothers and sisters and by children of deceased brothers and sisters.

It is conceded by counsel that the decree brought in question distributed the estate among the widow and surviving brothers and sisters and the children of deceased brothers and sisters of the intestate, in the precise manner prescribed by the provisions of paragraph 1 of section 169 of the act entitled "An act respecting orphans courts and relating to the powers and duties

of the ordinary and the orphans courts and surrogates" [Revision of 1898], approved June 14th, 1898.  The above section of said act was amended by an act approved March 22d, 1899, but was not altered in any of the respects brought in question by this appeal.  It is admitted by counsel that the decree is unassailable unless a further fact, which was made to appear in the court below, indicates error therein.

The fact relied on as indicating error in the decree is that Lucas Voorhees, the intestate, had had a female child, who had predeceased him leaving the appellant, who was her illegitimate child not born in lawful wedlock.  The mother never married and had no other child.

The argument is that under the provisions of paragraph 5 of section 169 above referred to, the appellant has been made a legal representative of his mother and therefore one to whom distribution should have been made under paragraph 1 of the same section.

At common law a bastard is deemed of kin to nobody.  *1 Bl. R. 459.*  Our statute of distributions has, from the earliest times, provided that the surplusage of the estate of an intestate shall, under certain circumstances, be distributed to his child or children.  No one ever supposed or contended that this provision extended to a child born out of lawful wedlock.  On the contrary, this court has held that the lawful issue of a bastard child, who had predeceased her father, was excluded from the distribution of the father's estate.  *Bussom* v. *Forsyth, 5 Stew. Eq. 277.*

The *status* of a bastard, as to the transmission of property to or from him, was fixed by the common law brought to this country by our ancestors, and administered here until the legislature passed acts intended to ameliorate the unfortunate condition of those who were born out of lawful wedlock.  The act designed for that purpose was a supplement to the act which contained the existing provisions for the distribution of intestates' estates.  It was approved March 22d, 1865.  *P. L. of 1865 p. 463.*  Its first section enacted the provisions now contained in paragraph 6 of section 169 of the Orphans Court act of

1898. Its second section enacted the provisions now contained in paragraph 5 of said section.

It is obvious that the present *status* of a bastard, as to the transmission of property to or from him, is to be discovered in the legislation above referred to. The courts can neither limit nor extend such legislation, but can only construe its terms and fix their applicability.

Such was the view taken in the court of Massachusetts. *Kent v. Barker, 2 Gray 535; Pratt v. Atwood, 108 Mass. 40.* Under a statute of that state providing that every illegitimate child shall be considered as the heir of his mother, it was held that the lawful issue of an illegitimate child who had died before his mother, could not inherit the mother's estate. *Custis v. Hewins, 11 Metc. 294.*

. It is to be noted also that the discussion of the court in *Bussom v. Forsyth, ubi supra,* was made subsequent to the enactment of the act of 1865, above referred to.

Turning to the provisions of paragraph 5, relied on by appellant, this observation at once occurs. Its operation is confined to the transmission of goods, chattels and personal estate of a mother to her illegitimate child when she dies without leaving a husband or lawful issue, or the issue of any. By its express terms the legislation is limited to the property of the mother and does not extend to property which, as in this case, never became the mother's. It cannot be considered as intended to change by implication the provisions of paragraph 1, which had been always construed in practice as excluding bastards from distribution because they were not children within the meaning of the act, or did not legally represent anyone.

The result is that the decree appealed from must be affirmed, with costs.