GEORGE L. SANFORD, administrator, vs. EDWARD E. MARSH & others.

Worcester. November 20, 1901. — January 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Descent and Distribution. Legitimacy. Statute,* Construction.

Pub. Sts. c. 125, § 4, provides, that if an illegitimate child dies intestate and without issue his estate shall descend to his mother, and St. 1882, c. 132, provides, that, in case she is not living, it shall go to the persons who would have been entitled thereto by inheritance through his mother if he had been a legitimate child. *Held,* that these statutes do not apply to the distribution of the estate of a child of an illegitimate child theretofore deceased.

APPEAL from a decree made by *Forbes,* J., in the Probate Court for the county of Worcester upon the petition of the administrator of the estate of Abby W. Taft, late of Uxbridge, for a partial distribution of that estate. Petition filed September 6, 1901.

The case came on to be heard upon the papers and agreed facts before *Barker,* J., who at the request of the parties reserved it for the determination of the full court, such disposition to be made thereof as law and justice might require.

By the agreed facts it appeared, that Abby W. Taft, a widow without issue, died intestate June 12, 1901. She was the only child of Elias Wheelock and his wife, Sarah (Wood) Wheelock, both deceased. The decree directed a partial distribution of her estate among seven first cousins, the children of the brothers and sisters of her mother. Her father, Elias Wheelock, was the illegitimate son of one Abigail Keith, who after his birth married Alfred Huse, not the father of Elias Wheelock. By Huse she had two legitimate daughters who both married, and died, each leaving four children, who were the eight appellants. Had Elias Wheelock been legitimate, they would have been first cousins of the intestate, and they contended, that under Pub. Sts. c. 125, § 4, as amended by St. 1882, c. 132, they were entitled to the same distributive shares as if the intestate's father had been a legitimate child.

*C. M. Thayer & J. O. Sibley*, for the appellee.

*R. B. Dodge & G. S. Taft*, for the appellants.

KNOWLTON, J.   The Pub. Sts. c. 125, § 4, as amended by the St. 1882, c. 132, reads as follows: " If an illegitimate child dies intestate and without issue who may lawfully inherit his estate, such estate shall descend to his mother, or in case she is not living, to the persons who would have been entitled thereto by inheritance through his mother if he had been a legitimate child." The case before us is not within the language of the statute, for we are not dealing with the estate of an illegitimate child, but with the estate of the daughter of an illegitimate child who had deceased before the daughter. The question is whether the statute shall be construed strictly, or whether we discover in it a purpose to place all persons claiming through an illegitimate relation in the same position as if there were no illegitimacy, in reference to the distribution of property of persons dying intestate who are descended from an illegitimate ancestor.

By the common law a bastard is *nullius filius.* He can be the heir of no one, nor have heirs, except of his own body. He has no ancestors from whom any inheritable blood can be derived. The common law on this subject is in force in Massachusetts, except as it has been changed by statutes. The statutes which have been adopted here have all been construed strictly. *Cooley* v. *Dewey,* 4 Pick. 93. *Kent* v. *Barker,* 2 Gray, 535. *Pratt* v. *Atwood,* 108 Mass. 40. *Hayden* v. *Barrett,* 172 Mass. 472, 474. Under the decisions in *Pratt* v. *Atwood, ubi supra,* and in *Haraden* v. *Larrabee,* 113 Mass. 430, the intestate in this case could not have inherited from the appellants if she had survived them. The amendment in the St. 1882, c. 132, does not change the law in this respect. Unless we are to give to this amendment a meaning beyond that which the words express, we cannot make it applicable to the distribution of the estate of a person who is not an illegitimate child, but one of the descendants of an illegitimate child. See *Curtis* v. *Hewins,* 11 Met. 294. We see no good reason for departing from the rule that statutes of this kind are to be construed strictly.

*Decree affirmed.*