THOMAS G. COFFIN & another, trustees, *vs.* HELEN M.
JERNEGAN & others.

Dukes County.    October 24, 1905. — November 28, 1905

Present: KNOWLTON, C. J., LATHROP, LORING, & SHELDON, JJ.

*Devise and Legacy*, Construction.    *Words*, "Heirs at law."

A testator bequeathed a fund to trustees for the support of his daughter during
her life, and provided that the fund in their hands at the time of his daughter's
death, if his daughter had made no will, should go "to her heirs at law." The
daughter died intestate.  *Held*, that the property went to the heirs at law of the
daughter, who could be ascertained only at the time of her death, and not to
those who would have been her heirs at law had she died when the testator did.

THE following statement of the case is taken from the opinion
of the court:

This case comes up on an exception taken to a ruling made by
a single justice in a probate appeal.

John Mayhew left the residue of his estate to trustees in trust
for the comfortable support and maintenance of his daughter
during her life.  She had been married and divorced, and was
then insane.  After giving instructions at great length for her
support he directed that the trustees should "upon the death
of my said daughter provide a suitable stone for her grave,
and cause a suitable inscription appropriate to her to be carved
upon the family monument, and make over so much of said
estate and its accretions as is then in their hands, after the
payment of bequests and devises as hereinbefore provided, to
my said daughter's executor for the benefit of such persons as
she shall nominate in her will, if she shall have made a will
being competent thereto, or in default of such will to her heirs
at law."    The trust estate consisted of personal property only,
and his daughter died intestate, without having had a child.
When John Mayhew died, the daughter had no next of kin
on her father's side.  On her mother's side she had an aunt,
Dencie Mudgett, and two uncles, Thomas and Jared Jernegan.
Jared died before the daughter, and Dencie Mudgett died after
the daughter.

It was held in the Probate Court that the estate should

be divided between the administrator of Dencie Mudgett and Thomas Jernegan, being the next of kin of the testator's daughter under R. L. c. 133, § 1, cl. 6.

From this decree an appeal was taken by the children of Jared Jernegan to this court. At the trial of this appeal the appellants asked for this ruling: "In the above entitled case the appellants request the court to rule as matter of law that the next of kin or heirs at law of D. Anna Mayhew were the next of kin, or heirs at law of said D. Anna Mayhew at the time of the death of John Mayhew, deceased, testate." "The court refused so to rule, but affirmed the decree of the Probate Court." The case is here on an exception to "said refusal so to rule."

*E. S. Clinch* (of New York) & *J. N. Pierce*, for the respondents.

*R. F. Raymond & S. Keniston*, for the petitioners, were not called upon.

LORING, J. [After the foregoing statement of the case.] The ruling was refused rightly. The appellants have argued that there is nothing in the will showing more affection for the aunt and uncle who survived than for the uncle who died. But the interpretation of John Mayhew's will does not depend upon that. It depends upon the interpretation of the words which he used to express his intention. Of the meaning of these words there can be no doubt. The gift over is to the heirs at law of the beneficiary for life, not to the persons who would have been her heirs at law if she had died when the testator did, as the appellants ask us to interpret them. See *Richardson* v. *Wheatland*, 7 Met. 169; *Putnam* v. *Story*, 132 Mass. 205, 210.

*Exceptions overruled.*