### In re BELCHER'S ESTATE.
### In re TEALE.
(Surrogate's Court, Kings County. December 9, 1909.)

BASTARDS (§ 104*)—RIGHTS OF INHERITANCE—STATUTES.

Under Consol. Laws, c. 13, § 98, providing that if a bastard die, leaving no widow or issue, its mother shall be entitled to the whole of its estate, and if the mother be dead the relatives on the part of the mother shall take as if the deceased had been legitimate, the maternal relatives of deceased, whose mother was a bastard, cannot, where the mother died before deceased, share in the estate of deceased, who left next of kin on the paternal side, as if deceased's mother had been legitimate.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 251, 257–262; Dec. Dig. § 104.*]

Judicial settlement of the accounts of Charles E. Teale, Public Administrator, as administrator of the estate of Charline W. Belcher, deceased. On motion to vacate an order for publication of citation to persons alleged to be next of kin on the maternal side. Motion granted.

Charles H. Kelby, of Brooklyn, for public administrator.
Hervey & Barber, of New York City, for executors of Pray's Estate.

KETCHAM, S. The intestate's mother was an illegitimate child, and the mother died before the intestate's death. The intestate left

next of kin upon her paternal side. The question presented is whether or not those who by their relationship to the deceased mother would have been entitled to share in the estate of the intestate if the mother had been legitimate are entitled so to share notwithstanding her illegitimacy.

At common law, no person claiming through the mother could have been admitted to succession under the circumstances stated. The only statute which is suggested as a possible deviation from the rule of the common law as to personalty is as follows:

"If the deceased was illegitimate and leave a mother, and no child, or descendant, or widow, such mother shall take the whole and shall be entitled to letters of administration in exclusion of all other persons. If the mother of such deceased be dead, the relatives of the deceased on the part of the mother shall take in the same manner as if the deceased had been legitimate, and be entitled to letters of administration in the same order.. * * * · If a woman die, leaving illegitimate children, and no lawful issue, such children inherit the personal property as if legitimate." Consol. Laws, c. 13, § 98.

The question, if there be one, has not been tested in this state, but on parallel facts under a like statute it has been disposed of in Massachusetts. Sanford v. Marsh, 180 Mass. 210, 62 N. E. 268. The opinion in the case cited is in part as follows:

"Pub. St. c. 125, § 4, as amended by St. 1882, c. 132, reads as follows: 'If an illegitimate child dies intestate and without issue who may lawfully inherit his estate, such estate shall descend to his mother, or in case she is not living, to the persons who would have been entitled thereto by inheritance through his mother if he had been a legitimate child.' The case before us is not within the language of the statute, for we are not dealing with the estate of an illegitimate child, but with the estate of a daughter of an illegitimate child, who had deceased before the daughter. The question is whether the statute shall be construed strictly, or whether we discover in it a purpose to place all persons claiming through an illegitimate relation in the same position as if there were no illegitimacy, in reference to the distribution of property of persons dying intestate who are descended from an illegitimate ancestor. By the common law a bastard is nullius filius. He can be the heir of no one, nor have heirs, except of his own body. He has no ancestors from whom any inheritable blood can be derived. The common law on this subject is in force in Massachusetts, except as it has been changed by statutes. The statutes which have been adopted here have all been construed strictly [citing cases]. The intestate in this case could not have inherited from the appellants if she had survived them. The amendment in St. 1882, c. 132, does not change the law in this respect. Unless we are to give to this amendment a meaning beyond that which the words express, we cannot make it applicable to the distribution of the estate of a person who is not an illegitimate child, but one of the descendants of an illegitimate child."

The motion to vacate the order for the publication of the citation to persons alleged to be of kin on the maternal side is granted.