## 7545.

### DAVIS v. MILFORD.

CHILDREN—ILLEGITIMACY.—THE ACT, 15 STAT., 921, providing that P. shall be invested with all the rights and privileges of a legitimate child of his natural father and mother, and in the case of the death of his father intestate shall inherit the property of his said father in common with his other legal heirs, *held* to limit his right to inherit from his father and not to include inheritance from his uncle. Rule for construing such statutes stated.

Before ALDRICH, J., Anderson, October, 1909. Affirmed.

Partition suit by C. A. Davis *et al.* against Jno. T. Milford, admr., *et al.* From Circuit decree, W. H. Pruitt appeals.

*Messrs. Martin & Earle* and *R. Pringle Clinkscales,* for appellant.

*Messrs. Martin & Earle,* cite : *Legislature has the power to pass the act:* 5 Cyc., 632. *Construction of the act:* 2 Swan, 446; 39 A., 72; 16 R. I., 579; 77 Pa. St., 81; 86 Tenn., 459; 175 N. W., 1091; 39 Ky., 170; 1 L. R. A. (N. S.), 773; 5 L. R. A., 455; 22 S. E., 155; 17 Ency., 25.

*Messrs. Bonham, Watkins & Allen,* contra. Oral argument.

April 11, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action for the partition of the land of J. F. Callaham, the question is whether William H. Pruitt, an illegitimate nephew, should be excluded. His claim depends upon the construction to be given to the following statute :

"An act to confer the rights of legitimacy upon William H. Pruitt, of Anderson County, South Carolina.

"Be it enacted by the Senate and House of Representatives of the State of South Carolina, now met and sitting in General Assembly, and by authority of the same, that Wm. H. Pruitt, son of Joshua Pruitt and R. E. Pruitt, of the county of Anderson, born out of wedlock, be, and he is hereby, invested with all the rights and privileges of a legitimate child, in the same manner and to the same extent as if he had been born in lawful wedlock; and upon the death of his said father, Joshua Pruitt (provided he should die intestate), he the said William H. Pruitt, shall inherit the property of his said father in common with his other legal heirs." 15 Stat., 921.

The Circuit Court held that the last clause of the statute limited the right of William H. Pruitt to inherit from his father, and that he could not inherit from his uncle. The power of the Legislature to legitimatize a bastard for all purposes as if he were a child of lawful wedlock is plenary, and by a statute which confers legitimacy without limitation, the bastard becomes a legitimate child for all purposes and in his relations with all persons.

Section 4 of the statute of 1865, 13 Stat, 270, was as follows: "Every colored child heretofore born, is declared to be the legitimate child of his mother and also of his colored father, if he is acknowledged by such a father." The Court held that under this statute a colored child who would have been illegitimate but for the statute was entitled to inherit, not only from the mother, but from the maternal grandmother. *Lloyd* v. *Rawl*, 63 S. C., 219, 41 S. E., 212. This principle is so obvious and is so well established that citation of other authorities seems unnecessary.

Special statutes of this kind are enacted usually at the request of the father, and are in the nature of a provision made for the bastard child of the father with legislative sanction. The rule formerly laid down that such statutes

should be strictly construed against the beneficiary has been relaxed by later judicial expression, the courts no longer looking with disfavor on the effort of the father to obtain the legislative sanction to such reparation as he can make for the wrong done to his innocent offspring. Therefore such a statute, considered with reference to the father's estate, should be given a liberal rather than a strict construction, to the end that the father's purpose of trying to repair his wrong may be carried out.

But courts cannot be unmindful of the well known fact that the kindred of the father do not, as a rule, recognize relationship with his bastard offspring, and there is no presumption that they have assented to such legitimation as would entitle the bastard to inherit from them. Neither is there any presumption of a legislative intent to force upon the kindred of the father his bastard child as their heir. To have such effect the language of the statute should clearly express the intention.

Apply these general principles to the act under consideration. Had it ended with the enactment that William H. Pruitt should be "invested with all the rights and privileges of a legitimate child in the same manner as if he had been born in lawful wedlock," legitimacy would without doubt have been conferred for all purposes and in respect to all persons; for the language was as broad and comprehensive as it could be made. Among the rights of a legitimate child is the right to inherit from the father or from any kindred, and this right would have been conferred upon William H. Pruitt.

But the last clause, which provided that upon the death of the father intestate, William H. Pruitt "shall inherit the property of his said father in common with his other legal heirs," seems to indicate clearly that the General Assembly had in mind the reason above stated for limiting the capacity to inherit to the father's estate and not extending it to the estates of all kindred. All parts of the statute must have

effect if possible, and no purpose, except to limit the capacity to inherit to the estate of the father, can be imagined for putting in the statute the special provision that he should inherit from the father.

From these considerations it seems evident that the capacity of William H. Pruitt to inherit was limited by the statute to the estate of his father. This conclusion is supported by the following authorities. *Stevenson* v. *Sullivant,* 5 Wheat., 207, 5 L. Ed., 70; *Bettis* v. *Avery* (N. C.), 52 S. E., 585; *Lee* v. *Shankle,* 51 N. C. (6 Jones), 313; *Hicks* v. *Smith,* 94 Georgia, 809, 22 S. E., 155; *Pratt* v. *Atwood,* 108 Mass., 40; *Reynolds* v. *Hitchcock,* (N. H.), 56 Atl., 745.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.