*T. M. Harrison* for plaintiff.

*R. W. Breckons* for defendant.

---

JOHN G. MACHADO *v.* H. P. KAPULE KUALAU.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

ARGUED DECEMBER 11, 1911.          DECIDED DECEMBER 13, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

BASTARDS—*capacity to inherit—from grandfather.*
    In this jurisdiction an illegitimate child does not inherit from
    its grandfather.

' OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment. The facts are agreed upon by the parties and are as follows: That one Kualau died intestate, leaving surviving him a son, the defendant in this case, and one Kuanaulu, the illegitimate son of Kahalehau, a daughter who died unmarried prior to the death of Kualau Sr.; that Keone, another son of Kualau Sr., died unmarried and without issue prior to the death of his father; that Kualau Sr. was at the time of his death the owner of all of the land in controversy and that Kuanaulu conveyed all of his interest to the plaintiff. Upon these facts the trial court, jury having been waived, rendered a decision in favor of the plaintiff for an undivided one-half of the land. The defendant excepts.

By the common law of England an illegitimate was regarded as a child of no one and as incapable of inheriting from any one. 1 Blackstone, Commentaries, 459; 2 Kent, Commentaries, 212; 4 Kent, Commentaries, 413; *Pratt* v. *Atwood,* 108 Mass. 40; *McDonald* v. *Railway,* 144 Ind. 459. And it is

well settled that in the absence of any language clearly express-
ing the contrary the words "child," "children" and "issue," and
similar words descriptive of classes who are to inherit, do not,
when used in statutes of distribution, include illegitimate chil-
dren. *Hayden* v. *Barrett*, 172 Mass. 472; *Truelove* v. *True-
love*, 86 N. E. 1018; *McDonald* v. *Railway*, supra. Our stat-
ute provides that "property shall be divided equally among the
intestate's children and the issue of any deceased child by right
of representation." R. L. Sec. 2509. In its ordinary mean-
ing, the word "issue" in this provision would refer to legiti-
mate children only. Nor is there anything in our statutes to
require or to justify any other construction. On the contrary
sections 2511, 2287 and 2222 strengthen the view that the word
is used in section 2509 in its ordinary acceptation. Section
2511 provides that "every illegitimate child shall be considered
as an heir to his mother, and shall inherit her estate in whole
or in part, as the case may be, in like manner as if he had
been born in lawful wedlock." The enumeration of one ex-
cludes all others. The illegitimate is rendered by this section
capable of inheriting from his mother, but not from any one
else. Section 2287 specifically declares that illegitimates "shall
not be entitled to inherit from their male parents without ex-
press bequest" and section 2222 provides that the child of a
marriage, illegal because the husband had a former wife living
at the time of contracting it, "shall be entitled to succeed in
the same manner as legitimate children to all the real and per-
sonal estate of both parents in this Territory." In the instance
last mentioned the inheriting capacity is conferred only under
the circumstances and to the extent named. It is clear from
all of these provisions that the legislature did not intend to
alter the common law rule of incapacity any further than is
specifically declared in the statutes.

In the case at bar the mother of the illegitimate left no prop-
erty. The inheritance is not from her, but from her father,
the patentee. The statute has given to the illegitimate the ca-

pacity to inherit from his mother, but not from his grand-father.

The exceptions are sustained and the judgment set aside. Upon the agreed facts judgment should be entered for the defendant. It is so ordered.

*J. Lightfoot* for plaintiff.

*W. C. Achi* (*G. P. Kamauoha* with him on the brief) for defendant.