HERBERT B. BAILEY & another, trustees, *vs:* WILLARD P. SMITH
& others.

Suffolk.    December 3, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* Bill for instructions.    *Trust,* Construction, Reimbursement
of trustee for overpayments.    *Probate Court,* Allowing counsel fees out of fund.
*Equity Pleading and Practice,* Counsel fees.    *Words,* "Representatives."

In a suit in equity by a trustee for instructions as to his duty under the terms of a
will and codicil in distributing the income of the trust and the final distribution
of the principal, if it appears that the time for the distribution of the principal
has not arrived, the plaintiff is entitled to receive instructions only as to the pres-
ent distribution of the income.

A trust created by will provided that each of the two brothers of the testatrix should
receive one half of the net income from the trust property during his life and that,
upon the death of one brother, the other surviving, the heirs of the deceased
brother should succeed to his share of the income until the death of the sur-
viving brother, whereupon the net income should be distributed in equal shares
among the six children of the two brothers, who were designated by their names,
" or their representatives "until a certain event, when the principal of the trust
should be distributed.    The six nephews and nieces of the testatrix named all
were living at the time of her death.    After the deaths of both of the brothers
of the testatrix and of certain of the six nephews and nieces, the trustee brought
a suit for instructions as to the distribution of the income.    *Held,* that the six
nephews and nieces of the testatrix named in the will took upon the death of the
testatrix vested interests in the income of the trust, subject to the previous life
interests, and that in using the words "or their representatives," in designating
the persons to whom the share of a nephew or niece in the income should go upon
his or her death before the termination of the trust, the testatrix meant those
who would take as the next of kin of such deceased nephew or niece under the
statute of distributions, and not the executor or administrator.

On a bill for instructions as to the distribution of the income of a trust, if it ap-
pears that by a mistake certain beneficiaries have received from the trustee
each one quarter of certain net income instead of a one sixth share to which
each was entitled, the trustee may be authorized to retain so much of the future
income coming to such beneficiaries as will reimburse him for his overpayments.

The sufficiency of the amounts of counsel fees, in a suit by a trustee for instructions,
ordered by a judge of the Probate Court to be taxed as costs to be paid from the
principal of a trust fund, is a matter of discretion, and the decision of the judge
will not be disturbed where his discretion does not appear to have been exercised
arbitrarily or unjustly.

APPEAL from a final decree of the Probate Court upon a bill for instructions filed in that court on October 21, 1910, and amended on September 11, 1911, by the trustees under the will of Emeline S. Jenkins, late of Boston.

The fifteenth clause of the will of Emeline S. Jenkins, referred to in the opinion, was as follows:

"Fifteenth: The rest, residue and remainder of all the property, real, personal, and mixed, of which I may die seized, to continue to hold in trust and pay the net income therefrom, after deducting all expenses for taxes, repairs, insurance, betterments, or alterations that they may deem advisable, and also any other and all expenses for the benefit and protection of the property advisable or expedient, to my brothers, William John Smith and Franklin Smith, one-half part to each, the first payment to be made within three months from the date of my decease, and quarterly thereafter during their natural lives, and on the death of either to continue to pay to the heirs of the deceased the said one-half part during the natural life of the surviving brother, and at the decease of the last surviving brother, to pay to the children by blood of said William and Franklin, namely: To Willard Pleis Smith and Helen M. Meade, children of my brother William, and to Emma Smith, Howard Smith, Laura May Smith, and Carolyn Smith, children of my brother Franklin, or their representatives, one-sixth part each until the death of the last surviving child herein mentioned. I direct that any portion of any herein named recipient under this trust shall not be alienable by said recipients, either by assignment or any other method, and the same shall not be liable to be taken by his or her creditors by any legal process whatever. Also that the portions of said Helen M. Meade, Emma Smith, Laura May Smith, and Carolyn Smith, shall be free from the control of any husband."

The sixteenth clause of the will directed the trustees, on the death of the last surviving child of the brothers of the testatrix William and Franklin, "to pay over or assign to the heirs of the children of the said William and Franklin or their representatives, as the interest of each may appear, the whole of the trust property then held by them as a completion of the trust herein created."

The first codicil to the will provided as follows:

"Whereas I have provided by the Fifteenth clause of my Will that from the residue of my property payments of income shall be made to my brothers William John Smith and Franklin Smith one-half part to each and on the death of either to continue to pay to the heirs of the deceased the said one-half part, now before such latter payments to the heirs shall take effect, I direct that on the death of either of my brothers William John Smith or Franklin Smith there shall be paid annually to the widow then surviving the sum of Two thousand dollars ($2000) from the income of the estate, payable quarter-yearly, during her life, and at her decease any part of this Two thousand dollars ($2000) income not taken by her shall be paid as hereinafter provided:

"I change the disposition of the residue of my estate under clause Fifteenth, and instead of the trust estate continuing to pay income to the children of my deceased brothers I direct that the provisions of clause Fifteenth shall apply only so long as there is a widow living of either of my said brothers, and as each widow shall die one-half the principal of said trust estate together with any income that may remain, whether apportionable or not, shall go to and become the absolute property of the heirs-at-law and next of kin of such brother, in equal portions, share and share alike, the children of any deceased child taking by right of representation the parent's share. The other half shall continue to be held in trust for the benefit of my remaining brother and of the widow of such deceased brother, and at her death a like disposition shall be made of the principal, and income among the heirs-at-law and next of kin of my brother that was her husband."

Emeline S. Jenkins, the testatrix, died on May 21, 1905. She was a widow and left no issue living. Her brother William John Smith, who was a little older than the testatrix, lived with his wife and children in New York. Her brother Franklin Smith, who was a little younger than the testatrix, lived with his wife and children in Philadelphia. The residue of the estate of the testatrix amounted to about $475,000, of which about $442,000 was real estate in the city of Boston and about $33,000 was personal property.

The testatrix was survived by her two brothers, who were her only heirs at law and next of kin.

Franklin Smith died on November 5, 1906, in Philadelphia,

leaving surviving him a widow, Elizabeth A. Smith, and four children, Emeline J. Smith, Howard F. Smith, Laura May Smith, and Carolyn L. Smith, all of whom, excepting Howard F. Smith, who had died, were joined as defendants. Franklin Smith left a will dated March 29, 1897, of which his widow, Elizabeth A. Smith, was appointed executrix in Pennsylvania. Howard F. Smith died on August 24, 1909, before the bringing of the bill, domiciled in Philadelphia, leaving a will, of which his widow, Alice C. Smith, who was joined as a defendant, was appointed executrix in Pennsylvania. He left no issue.

The older brother of the testatrix, William John Smith, died on January 10, 1910, in New York, leaving surviving him a widow, Sarah P. Smith, and one son, Willard P. Smith, both joined as defendants, and a daughter, Helen I. Meade, who died on June 23, 1910, before the filing of the bill, leaving no issue and a husband, Charles J. Meade, who was joined as a defendant. William John Smith left a will, of which his widow was appointed executrix. Helen I. Meade left a will and her husband, Charles J. Meade, was appointed administrator with the will annexed of her estate.

In the Probate Court *Grant*, J., made a decree that the true construction of the will of Emeline S. Jenkins, with the codicil thereto, was that from and after January 10, 1910, the date of the death of William John Smith, the last survivor of the two brothers of the testatrix mentioned in her will, and during the joint lifetime of Elizabeth A. Smith and Sarah P. Smith, the surviving widows of such two brothers, the net income of the trust fund, after deducting the amount of $4,000 a year for the two annuities of $2,000 each given to Elizabeth A. Smith and Sarah P. Smith, should be divided into six equal parts, that one of such equal parts should be paid to each of the survivors of the six children of Franklin Smith and William John Smith, living at the time of the death of William John Smith, to wit: one sixth to the defendant Willard Pleis Smith, one sixth to Helen I. Meade, one sixth to each of the defendants Emeline J. Smith, Laura M. Deiser and Caroline L. Steiner, and a sixth part to the distributees of the estate of Howard F. Smith, deceased, to wit: to Alice C. Smith, his widow, and Elizabeth A. Smith, his mother, Alice C. Smith to receive such one sixth up to the amount of $5,000 and of the

amount, if any, of such one sixth in excess of $5,000, one half of such excess to be paid to Alice C. Smith and the other one half of such excess to be paid to Elizabeth A. Smith; that the one sixth part of such net income payable to Helen I. Meade should be paid as follows: That portion thereof which had accrued in the hands of the trustees at the time of her death should be paid to the legal representatives of her estate, that is, to Charles J. Meade, administrator with the will annexed of her estate, and that portion of such one sixth accruing from and after the death of Helen I. Meade should be paid to the distributees of her estate, to wit: to Charles J. Meade, her husband, and Sarah P. Smith, her mother, Charles J. Meade to receive such one sixth up to the amount of $5,000, and of the amount, if any, of such one sixth in excess of $5,000, one half of such excess to be paid to Charles J. Meade and the other half to Sarah P. Smith.

The decree authorized the trustees to deduct and retain from the amount payable to the administrator of the estate of Helen I. Meade an amount sufficient to reimburse them for the amount paid to Helen I. Meade during her lifetime in excess of a one sixth share, and to deduct and retain from the one sixth part of the income payable to Willard Pleis Smith an amount sufficient to reimburse them for the amount already paid to Willard Pleis Smith in excess of the one sixth share to which he was entitled under the will.

The decree further ordered that there should be taxed as costs to be paid from the principal of the trust estate the following counsel fees: for the attorney for Charles J. Meade, individually, $150; for the attorney for Charles J. Meade, administrator with the will annexed of the estate of Helen I. Meade, $150; for the attorney for Willard Pleis Smith, $150; for the attorney for Sarah P. Smith, $150; for the attorneys for Emeline J. Smith, Laura M. Deiser and Carolyn L. Steiner, $250; and for the attorneys for the plaintiffs, $250.

The defendants Willard Pleis Smith, Sarah P. Smith, individually, and Sarah P. Smith, as executrix of the will of William John Smith, appealed from the decree.

The appeal came on to be heard before *Loring*, J., who reserved it upon the bill and answers and additional agreed facts for determination by the full court.

*F. B. Fernald*, (*C. T. Gallagher* with him,) for the trustees, stated the case.

*H. R. Bailey*, for Willard P. Smith.

*J. B. Crawford*, for Sarah P. Smith.

*J. A. Bailey, Jr.*, for Charles J. Meade, individually.

*C. W. Spencer*, for Charles J. Meade, executor of the will of Helen I. Meade.

*G. R. Blinn*, for Emeline J. Smith and others.

*G. B. Hayward*, for Herbert B. Bailey and Charles W. Bailey, individually, submitted a brief.

BRALEY, J. By the fifteenth or residuary clause of her will, Franklin Smith and William J. Smith, the brothers of the testatrix, each took an equitable life estate in one half of the net income of the trust estate, and upon the death of one, the other surviving, the heirs of the deceased brother were to succeed to his share until the death of the surviving brother, whereupon the net income was to be equally divided between their six children, who are specifically named, or their representatives, until the death of the last surviving child. By the first clause of the first codicil, the provisions of clause fifteen were modified in so far as they related to the division of income. It was provided, that if the deceased brother left a widow she was to receive annually from the net income a certain sum, and the remainder only was to be distributed among his heirs. A radical change as to the disposition of the principal upon the death of the widow of either brother is found in the second clause of this codicil. But, although both brothers are dead, each left a widow who is still surviving, and, the time for a division of any part of the principal not having arrived, the trustees are entitled to be instructed only as to the present disposition of income. *Peabody* v. *Tyszkiewicz*, 191 Mass. 317.

The period during which the heirs of a deceased brother were to enjoy his one half of the income, even if prolonged by the provisions for his widow where one died leaving the other brother living, has ceased to be operative, because, both brothers having deceased, the distribution thereafter, during the joint lives of the widows as provided in the codicil, must be in six equal parts as directed in the fifteenth clause.

The nieces and nephews were all living at the death of the testatrix, and each took a vested interest in the income subject to the

outstanding life estates and the annuities charged upon income. *Cushman* v. *Arnold,* 185 Mass. 165, 168, 169. *Peabody* v. *Tyszkiewicz,* 191 Mass. 317, 321. *Ball* v. *Holland,* 189 Mass. 369, 373. It is sufficiently manifest from the context of the will, that by the use of the words, "or their representatives," when speaking of the death of a nephew or niece before the trust as to income should terminate under the fifteenth clause, the testatrix meant those who would take as their heirs under our statutes of descent and distribution, and not their executors or administrators. *Bates, petitioner,* 159 Mass. 252. *Olney* v. *Lovering,* 167 Mass. 446. Upon the death of Helen I. Meade, a daughter of William, the trustees had in their hands accumulated income due her which should be paid to the administrator with the will annexed of her estate, but, as this share passed to the heirs at law, the income subsequently accruing is payable to her husband, Charles J. Meade, and to her mother, Sarah P. Smith, in the proportions designated in the R. L. cc. 133, 140. *Olney* v. *Lovering,* 167 Mass. 446. *Gray* v. *Whittemore,* 192 Mass. 367. *Brandeis* v. *Atkins,* 204 Mass. 471.

It appears, however, that she and her brother William Pleis Smith received one quarter each instead of one sixth, and the trustees should be authorized to retain so much of the future income coming to those shares as will reimburse them for the overpayments. *Hammond* v. *Hammond,* 169 Mass. 82.

What we have said as to the rights of the heirs of Helen applies as well to the distributees of the estate of Howard Smith, a son of Franklin, who died in another jurisdiction without leaving issue, and whose widow, Alice C. Smith, has appeared and filed an answer admitting the allegations of the bill, although she is not represented by counsel.

The appellant Sarah P. Smith is not entitled as the executrix of the will of William J. Smith to share in the income. His interest therein terminated with his death, and as his widow, she is entitled from income only to the annuity during her life, as well as her proportionate part of the one sixth inherited from her daughter.

The decree of the Probate Court having been in accordance with the views expressed, it should be affirmed. Whether the allowances made to counsel for the appellants to be taxed on the fund should

have been for a larger amount, rested in the sound discretion of that court, which does not appear to have been arbitrarily or unjustly exercised.

*Decree accordingly.*