RUFUS B. DODGE, administrator, *vs.* FLORENCE E. T. BENNETT & another.

Worcester. September 29, 1913. — October 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Devise and Legacy,* Vested remainder, Rule against perpetuities.

Where, by the provisions of a will, real estate and personal property are given to the testator's widow and an adopted daughter for their lives and, at the death of the survivor of them, to the children of the adopted daughter for their lives and the life of the survivor of them and, at the death of the survivor of the "wife, daughter and the children of" the daughter, to a church, the church receives a vested remainder at the death of the testator, and the gift therefore is not void as in violation of the rule against perpetuities, although the estate of children of the adopted daughter might postpone beyond a period twenty-one years after a life or lives in being the vesting of the estate in possession in the church.

BILL IN EQUITY, filed in the Probate Court on June 20, 1913, by the administrator with the will annexed of the estate not already administered of Thomas Talbot, late of Worcester, for instructions.

The will, after provisions for the payment of debts and funeral expenses, provided as follows:

"1st. To my wife, Harriet Maria Talbot and my adopted daughter Florence Evelyn Talbot jointly the use, income and improvement of all my estate real and personal for their lives.

"2nd. At the decease of the survivor of my wife and daughter, I give and bequeath the use income and improvement of my estate real and personal to the children of my adopted daughter Florence Evelyn Talbot for their lives or the life of the survivor of such children.

"3rd. At the decease of the survivor of my wife daughter and the children of my daughter, I give devise and bequeath the remainder of my estate and all my estate real and personal to the First Universalist Church of Worcester."

It appeared that the testator's widow had died and that Florence Evelyn Talbot had become by marriage, Florence Evelyn Talbot Bennett, but had had no children born to her. The plain-

tiff held as administrator $805.53, and he asked for instructions as to the following matters:

"1. Is the bequest and devise to the said First Universalist Church of Worcester, set out in the third paragraph of said will, void for remoteness?

"2. Is the said Florence Evelyn Talbot Bennett, because of the non-birth of any children to her, entitled to said personal estate and to said real estate free of any limitations attempted to be made by the said Thomas Talbot in said will, either as a legatee and devisee named in said will, or as the only heir at law of the said Thomas Talbot?"

It was assumed either that the First Universalist Church of Worcester was incorporated or that its officers constituted a corporation under R. L. c. 37, § 1.

By order of *Chamberlain,* J., a decree was entered in the Probate Court, instructing the plaintiff that it was his duty "to transfer the personal estate remaining in his hands upon the settlement of his final account as such administrator to a duly qualified trustee to be held by him for the benefit of said respondents, Florence E. Bennett, her children, if any survive her, and the First Universalist Church, in accordance with the provisions of said will," and that the remainder given to the church was not void for remoteness; and declaring that "it cannot now be determined judicially, that said Florence E. Bennett will not have children who may survive her."

On appeal from the decree by Florence Evelyn Talbot Bennett, the case was reserved by *Rugg,* C. J., for determination by the full court.

The case was submitted on briefs.

*A. S. Houghton,* for Mrs. Bennett.

*H. F. Harris,* for the First Universalist Church of Worcester.

SHELDON, J. Under the will of Thomas Talbot, all his property real and personal, after certain life estates provided for, was devised and bequeathed to the First Universalist Church of Worcester. This gave to that church a vested remainder. *Bosworth* v. *Stockbridge,* 189 Mass. 266. Being vested in interest upon the death of the testator, it does not become invalid merely because the right to actual possession and enjoyment may be postponed to a time beyond that limited by the rule against perpetuities. *Gray*

v. *Whittemore,* 192 Mass. 367, 373, 374. There is no ground upon which the final limitation to the church can be declared void. There could be no contention to the contrary unless some of the prior limitations to tenants for life are invalid, even if such a contention could be made at all. See Gray's Rule Against Perpetuities, §§ 251 *et seq.,* and the cases there collected. These prior limitations are, first, that a life estate is given to the testator's widow and his adopted daughter jointly. This of course was valid. Upon the death of both of these beneficiaries, the property by the next limitation was to go to the children of Mrs. Bennett for their lives and the life of the survivor. As this limitation must take effect, if at all, upon the death of Mrs. Bennett, its validity cannot be doubted. These last life estates, if they come into existence, may last beyond the period limited by the rule, of a life or lives in being and twenty-one years thereafter reckoned from the death of the testator. This however would not avoid them after they once had taken effect. *Gray* v. *Whittemore,* 192 Mass. 367, 372. If Mrs. Bennett should have no children, and so if these secondary life estates never should come into being, this would simply accelerate the coming of the church into possession of the estate devised to it in remainder. *Dow* v. *Doyle,* 103 Mass 489.

It cannot now be said that Mrs. Bennett may not have children surviving her.

As no other objections to the decree of the Probate Court have been taken, that decree must be affirmed.

*So ordered.*