HERBERT B. BAILEY & another, trustees, *vs.* WILLARD P. SMITH & others.

Suffolk.    November 30, December 1, 1915. — February 10, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Trust,* Construction, Termination.  *Devise and Legacy,* "Heirs at law."  *Equity Jurisdiction,* Bill for instructions.  *Words,* "Heirs at law and next of kin."

A codicil to a will provided that the payment of the income of a trust estate created for the benefit of the testator's two brothers and their heirs should continue "only so long as there is a widow living of either of my said brothers, and as each widow shall die one half the principal of said trust estate together with any income that may remain, whether apportionable or not, shall go to and become the absolute property of the heirs at law and next of kin of such brother, in equal portions, share and share alike, the children of any deceased child taking by right of representation the parent's share." One of the brothers died leaving two children and a widow. Later, the widow died. *Held,* that by "heirs at law and next of kin" the testator had meant the children of the brother, and did not intend to include the widow as a statutory heir; that the childrens' interest vested at the time of the death of the brother, and that each was entitled to one quarter of the trust estate.

In further construction of the same codicil, it was *held,* that, by the "income that may remain" at the death of the widow, the testator meant her share of such

income as had accumulated since the last periodical payment of income by the
trustee, and that that share should be divided equally among that brother's
two children.

It also was *held* that income which accrued after the widow's death was to be divided
as was the principal.

By the provisions of the same will and codicil the one half interest of the children
of the brother in such real estate as was included in the trust property vested
in them without any formal conveyance by the trustee.

On a bill in equity by a trustee under a will for instructions, instructions will not
be given as to a detail in the administration of the trust regarding which there
is no present controversy, nor in reply to a request that is too general to admit
of a definite reply.

DE COURCY, J.    The testatrix, Emeline S. Jenkins, who died
May 21, 1905, was a widow and left no children.   Her heirs at
law were her two brothers, Franklin Smith and William John
Smith.    Franklin died November 5, 1906, leaving a widow and
four children; and William died on January 10, 1910, leaving a
widow and two children.   After the death of both of the brothers
the will was before the court for interpretation as to the distribu-
tion of income.    *Bailey* v. *Smith,* 214 Mass. 114.

The third paragraph of the first codicil is as follows: " I change
the disposition of the residue of my estate under clause Fifteenth,*
and instead of the trust estate continuing to pay income to the
children of my deceased brothers I direct that the provisions of
clause Fifteenth shall apply only so long as there is a widow liv-
ing of either of my said brothers, and as each widow shall die one
half the principal of said trust estate together with any income that
may remain, whether apportionable or not, shall 'go to and become
the absolute property of the heirs at law and next of kin of such
brother, in equal portions, share and share alike, the children of
any deceased child taking by right of representation the parent's
share.    The other half shall continue to be held in trust for the
benefit of my remaining brother and of the widow of such de-
ceased brother, and at her death a like disposition shall be made of
the principal and income among the heirs-at-law and next of kin
of my brother that was her husband.   To have and to hold the
same to them and each of them and their respective heirs and
assigns forever."

By reason of the death (on February 17, 1915), of Sarah P.

* The fifteenth clause is quoted in full in the report of *Bailey* v. *Smith,*
214 Mass. 114, 115.

Smith, the widow of William, the time has come for a division of a part of the principal of the trust estate, and certain questions have arisen on which the trustees ask for instructions.

We consider first, question (c): "What person or persons are entitled to receive one half, or any other portion, of the principal of the trust property, real and personal estate, upon the death of said Sarah P. Smith?" It seems clear, from an examination of the fifteenth clause of the will as modified by the first codicil, that the testatrix intended to effect a gift of an equitable life interest in one half of the residue of her estate to her brother William, with remainder to his heirs-at-law and next of kin, subject to an annuity to his widow charged upon income. And in our opinion, the testatrix did not intend that the widow, Sarah P. Smith, should be included in the words "heirs-at-law and next of kin." She was not a blood relation and hence not next of kin in the legal and common meaning of the words. *Haraden* v. *Larrabee,* 113 Mass. 430. *Leonard* v. *Haworth,* 171 Mass. 496. And that it was not intended to include her as a statutory heir seems plain not only from the fact that special and full provision was made for her by an annuity of $2,000, but from an examination of other parts of the will, which show that by "heirs-at-law and next of kin" she meant the children of her brothers. For instance, in the same sentence she apparently uses "heir" and "child" as synonymous. After providing that the property shall go to the heirs at law, she stipulates that the children of any deceased "child" shall take the parent's share; and in the fifteenth clause of the will, which she must have had in mind when changing it by the first codicil, the children are severally mentioned by name, as those to whom the residue should be paid.

It is urged that the testatrix, in giving the remainder to the "heirs at law" of her brothers, used that term as meaning the then living children of her brothers, and with the intention of giving them a vested remainder, expectant upon the ending of the life estate. *Haley* v. *Boston,* 108 Mass. 576. But construing this language in connection with the whole will, we find no such manifest intent to use the word in other than its ordinary technical signification. As the heirs of William could not be ascertained until his death, the remainder to his heirs must be regarded as a contingent remainder to those persons who upon his death should

be found to be his heirs. *Walcott* v. *Robinson,* 214 Mass. 172. *Coffin* v. *Jernegan,* 189 Mass. 503. This does not make the remainder void for remoteness. The provisions of the will and codicil show that the beneficiaries considered by the testatrix were persons then in being, the existing wives and children of her brothers. If William had died leaving no widow surviving him, plainly his heirs thereupon would have succeeded to one half of the estate. *Gray* v. *Whittemore,* 192 Mass. 367. The annuity to the widow postponed the enjoyment, but not the vesting, of the remainder. *Cook* v. *Hayward,* 172 Mass. 195. *Dodge* v. *Bennett,* 215 Mass. 545. *Whitman* v. *Huefner,* 221 Mass. 265. We shall deal later with the provision for the income remaining in the hands of the trustees at the death of the widow. It is enough to say in this connection, that the will plainly indicates that it was not intended thereby to postpone the vesting of the remainder until the widow's decease.

It follows from what has been said that the remainder of one half of the principal of the trust estate vested in the two children of William John Smith, upon his decease, and that, upon the death of the widow Sarah P. Smith, the son Willard Pleis Smith became entitled to one half of such remainder, and the other half, which would have gone to the daughter, Helen I. Meade, if living, goes to those who have succeeded to her interest.

The first question (a), of the trustees relates to the income which accrued during the three months before the death of the widow, Sarah P. Smith. The doubt arises from the language in the codicil which provides that "as each widow shall die one half the principal of said trust estate together with any income that may remain, whether apportionable or not, shall go to and become the absolute property of the heirs-at-law and next of kin of such brother." In our opinion the "income that may remain" which the testatrix here referred to, was the part of the annuity that then had accrued in the hands of the trustees, and would have been paid to the widow if she had survived until the next quarterly day. It should be read in connection with the last sentence of the preceding paragraph, "at her decease any part of this two thousand dollars ($2000) income not taken by her shall be paid as hereinafter provided." The rest of this accrued income was vested in the children of the deceased brothers subject

to the annuity until the death of the widow, and must be divided as directed in *Bailey* v. *Smith, ubi supra.*

Income which accrued after the death of the widow (question b) follows the principal under the express language of the will. Upon her death the rights of the parties changed radically, as already appears, one half becoming the absolute property of the son, Willard Pleis Smith, and of those who succeeded to the rights of the daughter, Helen I. Meade; the other half remaining in the trust during the lifetime of the widow of Franklin Smith.

As to question (d). Under the provisions of the will the heirs of William became seised of an absolute undivided half interest in the real estate, the trustees retaining title to the other half. No deed by the trustees is necessary. *Heard* v. *Reed*, 171 Mass. 374. *Cronan* v. *Adams*, 189 Mass. 190. *Massachusetts General Hospital* v. *Boston*, 212 Mass. 20.

Question (e).* It does not appear by the record that there is any present controversy as to this detail of the administration of the trust. For this, and for the further reason that the question is too general to admit of a definite reply, we must decline to answer it. See *Sibley* v. *Maxwell*, 203 Mass. 94.

The trustees are to be instructed in accordance with this opinion.

*Decree accordingly.*

*F. A. Fernald,* for the trustees, stated the case.

*H. R. Bailey,* (*J. B. Crawford* with him,) for Willard P. Smith.

*J. A. Bailey, Jr.,* for Charles J. Meade, individually.

*E. R. Sparrow,* for Charles J. Meade, executor of the will of Helen I. Meade.

*J. W. Saxe,* for Alice C. Smith, individually and as administratrix with the will annexed of Howard F. Smith.

*A. W. Blakemore,* for Elizabeth A. Smith and others.

*G. F. Deiser* (of Pennsylvania), for Laura M. Deiser and Carolyn L. Steiner.

---

* This question was as follows: " If material, the complainants ask to be instructed whether payments heretofore made by them from principal for expenses of administration of the trust and for court proceedings incident to construction of said will should be charged against the personal property received by them as a part of the original assets of the trust, to the extent of said personal property and the balance against the proceeds in their hands from sales of real estate made by them as such trustees."